### CLEMENS vs. WILKINSON.

As to judgments rendered prior to the act of 1835, R. C. p. 396, the presumption of payment after twenty years, raised by the common law, continues unaffected by that act. That act, as to such judgments, is only cumulative.

*Clemens* vs. *Wilkinson.*

ERROR to St. Louis Circuit Court.

GAMBLE & BATES *for Plaintiff in Error.*

The act of 1835, Revised Code p. 396, purports to establish the rule of presumption as to judg-ments rendered before it took effect. To say that the common law rule still remained, unaffected by the act, is to leave the part of the act relating to past judgments altogether nugatory. This, it will be remembered, is a mere rule of evidence, not a limitation of right, or of remedy, and is not, in the different countries and States in which it is recognized, uniform in the length of time required to raise the presumption, or in the circumstances which will rebut it. The statute was designed to fix a rule which should cover the whole ground, and being fixed, it is the only rule in operation.

GANTT, *for Defendant in Error, contended:*

The record presents but one question, "Is the act of 1835 a repeal of the common law, or is it merely cumulative?" Page 396, Revised Code, 1835. The defendant in error, by her counsel, submits that it is not a repeal of the common law; and that Mr. Spalding decided the question submitted correctly. He refers to the following authorities as elucidating this point: Scidmore vs. Smith, 13 John. Rep. 322; Abny vs. Haines, 5 J. R. 175; Farmer's Turnpike Company vs. Coventry, 10 John. Rep. 389. The principle is too familiar to need labored reference to authorities.

SCOTT, J., *delivered the opinion of the Court.*

This was an action originally commenced in the St. Louis Probate Court, by James Clemens vs. the defendant in error, on a judgment obtained against Wilkinson, in his life time. The judgment was dated April 25th, 1821. The date of the notice to the executor, defendant in error, of the intention of the plaintiff in error to present his demand for allowance, is May 27, 1842. The testator died in September, 1841. The case was afterwards taken to the Circuit Court; the defence was payment. No evidence was preserved, in consequence of an agreement of the parties that the cause depended on the solution of the following question: Whether the statute of limitations, art. 4, sec. 1, page 396, Revised Code of 1835, annuls the bar created by the lapse of time, and removes the common law presumption of payment thence arising, and renders the lapse of twenty years from the date of that act necessary to raise the presumption of payment, which it is admitted would have attached to this demand but for that statute, or is that act merely cumu-lative? Judgment was given for the defendant in error.

Some statutes, from their being in affirmative terms, are called affirmative statutes; others are called negative, because they are penned in negative terms. It is a maxim of law that an affirmative statute does not take away the common law. 2 Int. 200. Thus, in the case of Jackson vs. Bradt, 2 Cain 169, it was held that if a statute without any negative words declare that deeds should have, in evidence, a certain effect, provided particular requisites are complied with, this does not prevent their being used as evidence, though the requisites are not complied with, in the same manner as they might have been before the statute passed. So in Foster's case, 11 Rep. 64 *a*, it was observed that in many cases the designation of a new person, in a latter act of parliament, should not exclude another person who was authorized to do the same by a precedent act. So it is held that statutes must be construed in reference to the common law. In the case of Smith's ex. vs. Miller, 14 Wend. 190, the Court seems to have been of opinion that at common law there was no presumption of payment, or satisfaction of *a judgment* after the lapse of twenty years from its rendition. That such presumptions only arose in actions on sealed instruments, and that the presumption of payment of a judgment after a lapse of twenty years, was a creation of their statute which is similar to ours. Judge Cowen, however, is of a different opinion, and in his notes on Philips, 1 vol. 324, cites many authorities in support of the contrary opinion. Tidd's Practice 17, 18, denies the doctrine of the Court. In some of the States the Courts also maintain the contrary. Boardman vs. De Forest, 5 Conn.; Kennedy vs. De Norris, Ex'r., 2 Const. S. C. Rep.; Herndon's Ex. vs. Barton's Ex., 7 Mon. 449.

In this case the parties have admitted that the presumption did exist at common law, and the only question is whether it is taken away as to judgments rendered prior to the taking effect of the act of 1835, before cited. If, as has been attempted to be shown, that the presumption did exist at common law, there must be some good reason why the legislature would extend it in case of such judgments,—five, ten, fifteen, twenty, forty years,—when by the very act by which it is contended this is done, so far from showing any dissatisfaction with the rule of the common law, in case of judgments rendered subsequent to the taking effect of the act, it is made more stringent and more difficult to be rebutted than it was before. If a judgment had been rendered forty years before the taking effect of the act of 1835, and the common law had raised the presumption of payment, can we believe the legislature intended that in all such cases t · ·ty ye·rs more shou d elapse before such presumption should arise?

There is no reason for such discrimination between judgments rendered at different periods. The principles of construction above stated are amply sufficient to bear us out in the opinion that the common law, as to judgments rendered prior to the taking effect of the act of 1835, is not repealed. That as to these judgments the statute is cumulative; that after twenty years from their rendition they will be presumed to be satisfied; which presumption may be rebutted by the circumstances deemed sufficient at common law, as well as in the manner pointed out by the statute.

The other Judges concurring, the judgment will be affirmed.