Gregory v. Cowgill.

———— ·•·•· ————

GREGORY *et al.*, Respondents, *vs.* COWGILL *et al.*, Appellants.

1. A case in which the declarations of a testator were held inadmissible to explain the meaning of his will.
2. Where a life estate is expressly given by a will, the same will not be converted into a fee by mere words of implication, unless the manifest general intent of the testator requires it.

*Appeal from Lewis Circuit Court.*

*Anderson* and *Dryden*, for appellants.

*Glover & Richardson, Pratt & Redd*, for respondents, argued the following points: 1. The words " all that may remain," &c., in the will do not raise a power of disposition in the widow of the testator. *Ide* v. *Ide*, 5 Mass. 503. 16 J. R. 585. 4 Kent, 319. 2. If those words did raise a power of disposition, there is no evidence that the widow intended to execute the power by her conveyance to the defendant. Where there is an interest and a power in the same person, a deed executed without particular reference to the power, will be applied to the interest. 4 Kent, 334–5. 4 Vesey, 631. 1 Atkyns, 559. 3 Story's Rep. 427. 3 J. C. R. 551. 12 Modern, 470. 2. Parol evidence, to show the intent of the testator, was inadmissible, under the circumstances.

SCOTT, Judge, delivered the opinion of the court.

Robert Sinclair died seized of a considerable estate, both real and personal. By his will, he devised to his wife, Susan,

all of his estate, both real and personal, of what kind and nature soever, to have and to hold and to enjoy during her natural life-time, with the exception of Eden, his black man, whom, for his fidelity, he emancipated. To his nephew, J. H. Gregory, he devised all that might remain of his estate, both real and personal, after the death of his wife, to have and to hold and to enjoy forever. These clauses, with the exception of the formal parts, constituted the entire will. J. H. Gregory afterwards died, and left the plaintiff, Sarah C. Gregory, his sole heir at law. Susan Sinclair, after the death of her husband, intermarried with William Pritchard, and they joined in a deed conveying the tract of land in controversy, to James Cowgill, the defendant, for the sum of $1200. This land was one of the tracts devised by the will to Susan Sinclair, the wife of the testator. After the death of Susan Pritchard, (formerly Sinclair,) this suit was brought by the plaintiff, the heir of the devisee in remainder, J. H. Gregory, to recover possession of the land sold to James Cowgill, on the ground that the will of Robert Sinclair gave his wife only a life estate in the land conveyed by her and her husband to Cowgill, and consequently that his interest therein had ceased. The court rejected evidence of the declarations of Robert Sinclair, the testator, showing that, by his will, he intended to give his wife a power of disposal over his entire estate, both real and personal, and instructed the jury that the will only conveyed an estate during her life to Susan Sinclair in the land conveyed to Cowgill, the defendant, without any power of disposal. These opinions of the court were excepted to. There was a judgment for the plaintiff.

1. On no principle, were the declarations of the testator admissible to explain the meaning of his will. None of the circumstances were present, which influence courts to admit parol evidence to give effect to a bequest or devise.

2. An express estate for life was given to Susan Sinclair. If the word "remain" was even sufficient to raise a power of disposition in the devisee for life, there were words in the will

enough to give it an effect, without applying it to the real estate. Some of the property was of a perishable nature, and some of it would be consumed in the use ; it was not, therefore, designed, that such portions of it should be accounted for to the remainder man. The general rule is, that a devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. But where the estate is given for life only, the devisee takes only an estate for life, though there be a power of disposition in fee by will or deed, unless the obvious general intent of the testator would otherwise be defeated. Words of mere implication will not convert a life estate into a fee, unless the manifest general intent of the testator requires it. *Jackson* v. *Robins*, 16 John. 588. *Ide* v. *Ide*, 5 Mass. 203. Here there is no intent of the testator expressed in any way which will overturn this rule.

As there is no cross appeal by the plaintiff, this court cannot affirm the judgment below, and yet enter a judgment for the rents and profits. The trial below was by jury, and if they failed to assess the damages, the plaintiff should have taken the proper steps to have had the error corrected.

The other judges concurring, the judgment is affirmed.