————o————

CHARLES BENT CARR, Appellant, *vs.* WILLIAM DINGS, Respondent.

1. *Limitations, statute of—Life estate of widow—Statute commences running, when.*—The life estate of a widow in the lands of her deceased husband, prevents the running of the statute of limitations against his heirs, until after the time of the widow's death.

2. *Limitations—Presumption as to payment of debts.*—The common law presumption of the payment of a debt after the lapse of twenty years still exists, notwithstanding our statute of limitations.

*Appeal from Jefferson Circuit Court.*

*John L. Thomas & Brother,* for Appellant.

Carr v. Dings.

I. The statute of limitations did not begin to run against the children of George Washington Kerr, until Mrs. Susan Kerr's death, which took place in 1865, and hence, the plaintiff's claim was not barred. The plaintiff's cause of action did not arise till Mrs. Kerr died. (Park vs. Cheek, 4 Cold., 20; Smith vs. Thompson, 2 Swan, 381; Ang. on Lim., §§ 470-475.)

II. The law raises a presumption after the lapse of twenty years, that the debts have been paid, and if they have not been paid and can still be indorsed the defendant was bound to show it.

*Sam. Reber*, for Respondent.

I. The will vested the legal title in Allen subject to be divested on and after payment of the testator's debts. But the title never can pass until this condition has happened, and that it has happened, is to be made out by evidence.

II. If Susan Kerr had filed a bill against Beverly Allen to compel a conveyance, she would have had to allege and (if he did not admit it) to prove that the debts were paid and the other residuary legatees, to-wit: the children of G. W. Kerr would have had to do the same thing. But plaintiff has introduced no evidence showing payment of the debts of the estate. He did not even show that it had ever been administered, or that the executor qualified. He is therefore without proof on a material point or compelled to rely on presumptions. But presumptions of a conveyance by a trustee are only indulged where the time at which he was required to make it, has passed—or where there is sufficient reason shown to support the presumption. (Perry Trusts, §§ 349, 354, *et seq*, and where the doctrine on the subject is fully stated.) But according to the terms of the will in this case, the trust might still continue to be a subsisting active or accomplished trust.

III. If the beneficiary claims that the trust has in point of fact been accomplished, he must establish the fact by affirmative evidence. If he does not choose to go into court (where the facts can most conveniently be established) to get a decree of title against Allen's heirs, he must at least show by the record

in the Probate Court, the settlement of Allen's estate, or other competent evidence, that the event has happened on the happening of which the estate of the trustee was to cease.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment brought to recover a tract of land in Jefferson County.

The defendant by his answer denies the plaintiff's title to the land or his right to the possession thereof. And for further answer avers that he and those under whom he claims said land, have been in the open and notorious possession of the same and every part thereof, claiming the same as their own absolute property under claim of title thereto, denying the title of all other persons, for more than ten years next before the action was commenced; and that neither the plaintiff nor his ancestors, predecessors or grantors or other persons under whom plaintiff claims said land, have been seized or possessed of said lands or any part thereof, or interest therein, for more than ten years next before the commencement of this action. Wherefore, &c.

To the plea of the statute of limitations the plaintiff replied, denying that his right of action was barred by the statute, and averred that one John Kerr was seized in fee simple of the premises in question in the year 1843, and that in the month of December of that year said Kerr executed, in proper form, his last will, by which he bequeathed to his wife, Susan Kerr, the said premises, for and during her natural life, with remainder to the children of George Washington Kerr; that after executing said will, said Kerr departed this life in 1843 leaving the same as his last will; that said will was after his death duly probated and recorded by the Probate Court of St. Louis County where he died; that in May, 1852, the said Susan was married to John A. Craig; that in the year 1864 said Craig died, and that in the year 1865 the said Susan also died; that the adverse possession of defendant and those under whom he claims, if any such possession ever existed, did not commence till about the year 1862, and could

not commence or run against Susan until she became discovert in the year 1864.

The plaintiff further replied, that he claimed title by deed from Mrs. Clendennin and George W. Kerr, the only children of George Washington Kerr, and avers that the right of him and those under whom he claims to institute a suit for the recovery of said premises, did not arise till the death of said Susan Craig in the year 1865.

The cause was tried by the court, a jury having been waived by the parties.

The plaintiff introduced in evidence; First—The exemplification of a patent from the United States, for the land in controversy, to John Kerr, dated July 15, 1825. Second—The last will of John Kerr, the substantial portion of which is as follows:

"First, I revoke all former wills by me at any time heretofore made. Second, I hereby constitute and appoint Beverly Allen, of the city of St. Louis, aforesaid executor of this my last will and testament.

"Third, I devise and bequeath to my said executor all my estate, real, personal and mixed, and whether held by me as joint tenant, tenant in common or in severalty, in trust for the payment of my debts, which he will pay and discharge in the order prescribed by law for the payment of debts of deceased persons, hereby giving to my said executor power to lease or sell the same, without intervention of courts, as to him shall seem best for my estate and creditors; also in trust, after the payment of my debts, to convey whatever may remain of my estate to my wife, Susan Kerr, to be used and appropriated by her, in and about her maintenance and support, with power to my said wife to dispose of one-fourth of the same, remaining at time of her death, as to her shall seem fit, and the residue of what may so remain shall, at the time of her death, pass to and be vested in the children of my deceased brother, George Washington Kerr. In testimony, etc."

This will was shown to have been duly proved up in the Probate Court of St. Louis County.

Third.—Plaintiff offered evidence tending to prove, that John Kerr died in 1843, that his wife, Susan, died in March, 1865 or 1866, and that the only children of George Washington Kerr were George W. Kerr and Isabella Kerr, who afterwards married with William A. Clendennin, and that the said George Washington Kerr died between the years 1836 and 1840. It was also shown by the evidence that after the death of John Kerr, his widow, Susan Kerr, was married to Gen. Dunlap, of Louisiana, in 1847; that Dunlap died in the year 1849, that she afterwards, in the year 1852, was married to John A. Craig who died in 1864, and that said Susan died in February, 1865.

Fourth.—The plaintiff then read in evidence a deed from George W. Kerr and Mrs. Isabella Clendennin and her husband, conveying the land in controversy to the plaintiff. This deed bears date the 12th day of July, 1871.

The foregoing was all of the evidence given on the trial of the cause.

It was then admitted by the parties that the defendant had acquired the title to the land in controversy by the statute of limitations and adverse possession, unless the life estate which Mrs. John Kerr acquired in said land under her husband's will, read in evidence, prevented the statute from running against the children of George Washington Kerr, under whom plaintiff claims, until 1865, when she died.

After the evidence was closed, the court at the request of the defendant, declared the law to be that " on the pleadings and evidence the plaintiff is not entitled to recover in this action." To this declaration of law the plaintiff at the time excepted.

The plaintiff then took a non-suit, with leave to move to set the same aside, and in due time filed his motion to set aside said non-suit, because the court had improperly declared the law, and refused proper declarations of law asked for by the plaintiff.

This motion being overruled by the court and judgment rendered against the plaintiff, he again excepted and has appealed to this court.

The only questions for the consideration of this court grow out of the declaration of law given by the court.

The declaration of law asked for by the defendant and made by the court is in the nature of a demurrer to the evidence given on the trial, and it follows that if the evidence given by the plaintiff was sufficient *prima facie* to show a title to the land in controversy in the plaintiff, the declaration of law given by the court was improper, otherwise it was correct.

It is contended by the defendant, that by the will of John Kerr, the title to the land in controversy was vested in Beverly Allen, his executor in trust to hold, first, for the payment of the debts of the deceased, and then in trust to convey the remainder of the property, after the debts were paid, to the widow of the deceased for her life and that after her death the legal estate still remains in the trustee, unless it is affirmatively shown by the plaintiff that the debts have all been paid. It is true that the will vests the property of the testator in Allen the executor, in trust, to enable him to pay the debts of the testator, but when the debts are paid by the provisions of the will, this trust is at an end ; and the executor is directed to convey the property of testator, of every description, to the widow for her life, and she is authorized to use and dispose of the property for her support during her life, and at her death she may dispose of one-fourth of the property conveyed to her, and the balance the will provides, " shall pass to and be vested in the children of my deceased brother George Washington Kerr."

There is no question in my mind but that upon the happening of the two events named in the will (the payment of the debts and the death of the widow), the property remaining by force of the bequest in the will, would vest in the children of George Washington Kerr. (Mitchell vs. Mitchell, 35 Miss., 108; Harris vs. Lincoln, 2 P. W., 135; Roberts vs. Moseley, 51 Mo., 282.)

There is no question in this case about the death of the widow, that is clearly proved and uncontradicted; but it is contended that there is no proof that the debts of the testator

have been paid, that for aught that appears there may be debts still existing, and that the executor or his heirs may have portions of the testator's property leased for the purpose of raising money to pay the debts, and may still be executing the trust, and that until it is shown that the object of the trust has been fully accomplished, and the trust at an end, the legal estate cannot vest in those who are to hold the remainder.

This is true; but it must be recollected, that John Kerr died in 1843, nearly thirty years before the commencement of this suit, and that the trustee has long since been dead. The common law presumption of the payment of a debt after the lapse of twenty years still exists, notwithstanding our statute of limitations. Almost thirty years having elapsed since the death of John Kerr, all debts against him at his death are presumed to have been paid, and if this presumption is not true in fact, it devolved on the defendant to rebut the presumption by evidence on his part. (Smith vs. Benton, 15 Mo., 371; Clemens vs. Wilkinson, 10 Mo. 97.)

In the case of Smith vs. Benton, the learned judge delivering the opinion of the court says:

"The law as declared by the Circuit Court is, that after the lapse of twenty years, a bond is presumed to be paid, and that this presumption like any *prima facie* evidence of a fact stands good, unless it be rebutted by evidence to be given by the party setting up the bond, satisfying the jury that in fact the payment was not made."

There is no presumption to be made that the testator owed debts that were not due, or at least there could not be any, that he owed debts which would not be due in six or eight years.

In this case the testator has been dead nearly thirty years, and if he owed debts they are presumed by law to have been paid. The plaintiff could therefore rely on this presumption, and the death of the widow having been proved, the property would vest in the legatees of the remainder, and the plaintiff having acquired his right in the absence of opposing evidence, had a right to recover.

The only remaining question is as to the defense of the statute of limitations. It is well settled that the right of action of one who claims an estate, which can only take effect after the termination of a life estate, does not accrue until the termination of the life estate, and in this case the widow did not die until the year 1865, less than ten years before the action was commenced; but the defendant does not rely on the statute of limitations in this court, and so it is not necessary to refer to authorities on this subject.

The other judges concurring, the judgment is reversed and the cause remanded.