————o————

CHARLES BENT CARR, Respondent, vs. WILLIAM DINGS, Appellant.

1. *Wills—Construction—Life estate.*—A will which provided for the conveyance to the testator's widow, of such part of his estate as should remain after the payment of his debts, "to be used and appropriated by her in and about her maintenance and support, with power to her to dispose of one-fourth of the same remaining at the time of her death, as to her should seem fit, and that the residue of what should so remain, should, at the time of her death, pass to and be vested in the children of testator's deceased brother," conveyed to the widow only a life interest in the property, with a power to dispose of one-fourth of the property remaining after her support, at the time of her death. (Carr vs. Dings, 54 Mo., 95, cited and affirmed.)

2. *Wills—Construction of—Intention must govern—Term "residue."*—In construing wills the intention of the testator is the object to be attained, and, in order to ascertain this, it frequently becomes necessary to look at the whole will, and to qualify particular clauses, so as to make them harmonize with the general intention. And when a doubt arises as to the extent of the application of the word "residue," as used in a will, whether it was intended to apply to the whole of the residue of the estate, or be confined to a particular part, courts generally incline to extend it to the whole, where there is no other residuary claim.

*Appeal from Jefferson Circuit Court.*

*S. Reber,* for Appellant.

I. The will of John Kerr at the utmost, gives, and only proposes to give, three-fourths of his property remaining at

the death of his widow, to the children of his brother, G. W. Kerr.

(*a.*) The will gives one-fourth of the estate remaining at the death of the widow, to her. This is the effect of the devise to her of the entire estate for her support and maintenance, with power to dispose of one-fourth at her death as she shall deem fit. It will be observed, that the widow takes not simply a life estate, but the whole, if necessary to her support and maintenance, with the implied power to dispose of the whole for that purpose. The rule therefore applies, that where an estate is given to a person, not expressly for his life, with power to dispose of the same by will or otherwise, such person takes the fee. (Rubey vs. Barnett, 12 Mo., 3; 4 Kent, 536, 12 Ed.) But if the widow did not take a fourth of the property remaining, at her death, under the will, that fourth belongs to the heirs of John Kerr, *i. e.*, she is intestate as to that fourth, for:

(*b.*) By the terms of the will the widow is empowered to dispose of one-fourth of what shall remain at her death, and in the language of the will the "residue of what may so remain, shall at time of her death pass to and be vested in the children of my (his) deceased brother, Geo. W. Kerr." This clause so clearly only gives three-fourths of the property to G. W. Kerr's children, that no argument can make it plainer. The court, therefore, should have instructed, as prayed for by the defendant, that G. W. Kerr's children only take three-fourths of the property, under John Kerr's will.

II. The widow of the testator took the entire estate (after the debts were paid) by virtue of the gift for support and maintenance, with the implied power of disposing of the whole of it. This may be construed as a devise of the interest or estate to her.

*John L. Thomas & Bro.*, for Respondent.

I. The court committed no error in construing the will as it did. This very construction was given to it by Judge Vories, when this case was here before. (Carr vs. Dings, 54

Mo., 95.) This settles the question which by law is not open to review upon a second appeal. (Grumley vs. Webb, 48 Mo., 609 ; Chambers, Adm'r vs. Smith's Adm'r, 30 Mo., 156.)

II. The intention of the testator is the polar star for the guidance of courts in the construction of wills. What, then, was the intention of the testator in this case ? It may be assumed that the testator intended to dispose of his whole property in fee simple, and did not intend to leave any of his estate, or any interest in it, whether for life, for years, or in remainder, undisposed of. In the second place, we argue that Susan Kerr took only a life estate in all the property not required for the payment of debts, with power to dispose of one-fourth remaining at the time of her death. The language of the will, " also in trust after the payment of my debts, to convey whatever may remain of my estate to Susan Kerr, to be used and appropriated by her in and about her support and maintenance, with power to my said wife to dispose of one-fourth of the same remaining at the time of her death, as to her shall seem fit, and the residue of what may so remain, shall, at the time of her death, pass to and be vested in the children, etc." At common law this language would create only a life estate in Susan Kerr.

The want of the words, "heirs," or " heirs of her body," or words of similar import, is fatal to the construction that a fee was given, unless the 55th section of the Missouri Act in regard to Wills, has changed the common law construction to such an extent that the words used will create a fee. This section provides that the words, " heirs and assigns forever," shall not be necessary in devises of land to carry the fee, when no other expressions are contained in the will, whereby it shall appear that a life estate only, was intended to be conveyed, and no further devise of the premises be made to take effect after the death of the devisee. In the will under consideration, the words, " heirs and assigns," and " heirs and assigns forever," are omitted, and there are other expressions contained in the will, whereby it appears that a life estate only was intended to be conveyed, and there is a devise of

the premises over, to take effect after the death of Mrs. Kerr. The executor shall convey to her " whatever may remain of my estate, * * * to be used and appropriated by her in and about her maintenance and support."

If the testator had simply declared that the property should be conveyed to Susan Kerr, and there stopped, probably un der the section referred to, she would have taken an estate in fee.; but the estate is qualified by the words which follow : " to be used and appropriated in and about her maintenance and support." Whatever remained of the testator's estate was to be conveyed to, and thus used and appropriated by her. By these qualifying words it appears clearly, that the use of the property was given for life only. These words do not raise a power of disposition. (19 Mo., 415 ; 28 Geo., 265 ; Wright vs. Deme, 10 Wheat., 204 ; 11 East, 220.) But when we come to the latter clause of this devise, the intention of the testator becomes manifest. There is a devise over of the residue of what may remain at the death of the wife. The effect of a limitation over is thoroughly discussed by the Chief Justice, (Marshall) in the case of Smith vs. Bell, (6 Pet., 71 ; see also Rubey vs. Barnett, 12 Mo., 1).

III. From the language used in this will, viewed in the light of the authorities cited, it is manifest the testator intended to give his wife a life estate in his property only, with power of absolute disposal of one-fourth remaining at her death, as she might see fit, and upon her failure to dispose of the one-fourth the whole passed to and vested in the children of G. W. Kerr.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment brought to recover the possession of a tract of land, in Jefferson county, in the petition described.

The petition was in the usual form. The defendant's answer was a denial of the facts stated in the petition, and also set up a special defense, which need not be noticed, as no evidence was offered in support thereof. A trial was had before the court, a jury having been waived by the parties.

It is conceded that the plaintiff, under the evidence, had a right to recover, provided that the last will of John Kerr could be properly construed so as to vest a title to the land in the children of George Washington Kerr at the death of Susan Kerr, the wife of the said John Kerr; the plaintiff claiming title under the children of George Washington Kerr. It is admitted that the title to the land was in John Kerr at the time of his death, and that the plaintiff has acquired all of the right and title which was vested in the children of George Washington Kerr, by virtue of the will of John Kerr and the death of his wife.

The will of John Kerr which was read in evidence reads as follows : " The last will and testament of John Kerr, of the city of St. Louis, Missouri, made this 1st day of December, in the year 1843. First. I revoke all former wills by me at any time heretofore made. Second. I hereby constitute and appoint Beverly Allen, of the city of St. Louis, aforesaid, executor of this, my last will and testament. Third. I devise and bequeath to my said executor, all my estate, real, personal and mixed, and whether held by me as joint tenant, tenant in common, or in severalty, in trust for the payment of my debts, which he will pay and discharge in the order prescribed by law for the payment of debts of deceased persons, hereby giving to my said executor power to lease or sell the same, without intervention of court, as to him shall seem best for my estate and creditors; also in trust, after the payment of my debts, to convey what may remain of my estate to my wife, Susan Kerr, to be used and appropriated by her in and about her maintenance and support, with power to my said wife to dispose of one-fourth of same remaining at time of her death, as to her shall seem fit, and the residue of what may so remain, shall, at time of her death, pass to and be vested in the children of my deceased brother, George Washington Kerr. In testimony, etc."

In view of the foregoing state of facts, the court was asked by the defendant to declare the law to be as follows : " 1st. On the pleadings and evidence the plaintiff is not entitled to

recover in this action. 2. The will of John Kerr did not, and does not, operate to pass the title of said Kerr, or any interest he had in the land sued for, to the children of George Washington Kerr. 4. The will of John Kerr passed all the title he had in his property to his widow, Susan Kerr, absolutely, subject to the payment of his debts. 5. The plaintiff can in no event claim more than three-fourths of the property of John Kerr, which remained at the death of his widow, Susan Kerr, and the plaintiff, therefore, is not in any event entitled to recover more than three-fourths of the property sued for."

These declarations of law were all refused by the court, to which exceptions were taken. Judgment was then rendered in favor of the plaintiff, from which the defendant in due form appealed to this court.

The only matter presented for the consideration of this court is the proper construction to be given to the will of John Kerr, as set forth in the evidence. It is insisted by the defendant, that the effect of the will was to vest in the wife of the testator, after the payment of his debts, an absolute title to all of the property which should remain after the debts were paid, and secondly, it is insisted, that even if the will should be construed so as to vest in the widow of the testator only a life estate in the property left after the payment of the testator's debts, still, by the provisions of the will, the children of George Washington Kerr could only take three-fourths of the property remaining at the death of the wife of John Kerr.

As to the first position relied on by the defendant, it is only necessary to say, that when this case was in this court at a previous term, it was held that the wife of John Kerr, by the provisions of his will, only took a life interest in his property, with a power to dispose of one-fourth of the property remaining after her support, at the time of her death. (Carr vs. Dings, 54 Mo., 95.) After a further examination of the subject, we see no reason to doubt the opinion then expressed. (Rubey vs. Barnett, 12 Mo. 1 ; Gregory vs. Cowgill, 19 Mo., 415.)

The second position taken by the defendant, in the argument of this case, was not directly argued or brought in question on the former hearing of the case in this court. It is now insisted that the children of George Washington Kerr can only take three-fourths of the estate of John Kerr, under his will. The will devises the whole of the estate of the testator of every description to Beverly Allen, the executor, in trust, first, for the payment of the debts of the testator. After the debts are paid, the executor is directed by the will to convey whatever may remain of the estate to the wife of the testator, to be used and appropriated by her, in and about her maintenance and support, with power to the wife to "dispose of one-fourth of the same remaining at the time of her death, as to her shall seem fit, and the residue of what may so remain shall, at the time of her death, pass to and be vested in the children of my deceased brother, George Washington Kerr." It is insisted that the "residue of what so remains," as these words are used in the will, confines or limits the bequest to the children of George Washington Kerr to three-fourths of the estate, the same being what would remain after excluding the one-fourth which was subject to the disposition of the widow, and that, as the widow made no disposition of the fourth of the property remaining at her death, as to that part of the estate the testator died intestate, and it would descend to his heirs or next of kind under the law.

By a technical construction of the language used in the will, the bequest to the children might be so limited ; but in construing wills, the intention of the testator is the object to be attained, and in order to ascertain this object, it frequently becomes necessary to look at the whole will, by which it will sometimes become necessary to qualify particular clauses so as to bring them in harmony with the general intention, as the same may be indicated by other clauses. When a doubt arises as to the extent of the application of the word " residue," as used in a will, whether it was intended to apply to the residue of the whole estate, or to be confined to a partic-

ular part of the estate, courts generally incline to extend it to the whole estate, where there is no other residuary clause. (2 Redf. Wills, 448.)

In reference to the will under consideration, it appears to have been the intention of the testator to dispose of his whole estate, and to die intestate as to none of it. The testator clearly intended to provide for his wife, during her life, and at her death he gives her the power to dispose of one-fourth of what remains after her support, as she may deem fit, and as she has no power conferred on her to dispose of the fourth of the estate until her death, the disposition must be by will if any is made. After this power is given to the wife he gives the residue of what shall so remain at the death of his wife, to the children of his brother.

Now, the question is, did the testator intend by his will to give the residue of his estate, after carving out one-fourth thereof, to be disposed of by his wife, or did he intend to give his brother's children the residue of his whole estate remaining undisposed of for any of the purposes named in his will at the death of his wife? While we admit that the language used in the will is not entirely clear, yet we think that the testator intended to dispose of his whole estate, and that the intention was, that the children referred to in the will should take whatever remained undisposed of at the death of his wife.

With this view of the case, it follows that the judgment must be affirmed; the other judges concur.