Cook, *Plaintiff in Error,* v. Couch *et al.*

Will : DEVISE GENERALLY WITH POWER TO DISPOSE OF BY WILL. A
devise of an estate, generally or indefinitely, with power to dispose
of the same by will, vests the fee simple in the devisee.

*Error to Johnson Circuit Court.*—Hon. Chas. W.
Sloan, Judge.

Affirmed.

*James W. Suddath* and *Samuel P. Sparks* for
plaintiff in error.

(1) The widow took under the will a quantity
equal to the children, an undivided sixth, limited in
duration to the time when the youngest should attain
her majority; "then" the widow became seized of an
estate equal to that of her dower right, coupled with a
power to dispose of the undivided sixth by will only.
*Carr v. Dings,* 58 Mo. 400; *Chiles v. Bartleson,* 21 Mo.
344; *Bryant v. Christian,* 58 Mo. 98; 2 Jarm. [5 Amer.
Ed. 1880] p. 20; 3 Jarm., pp. 46–53; R. S. 1879, sec. 4004.
(2) When in devise the first gift is ambiguous and the
limitation is not, the latter will prevail. 1 Jarm. on
Wills [5 Am. Ed. 1880.] p. 495. (*a*) The designation
of the individuals intended as the object of the devise
by their proper names constituted them *personæ
designatæ,* and they took as individuals, not as a class.
1 Jarm. on Wills, 296; Williams on Ex. 1210, 1467,
1472; *Downing v. Marshall,* 23 N. Y. 373; *Doe v.
Sheffield,* 13 East, 526, 537. (3) The construction of
the trial court that the widow took an undivided one-
sixth in fee simple leaves out of consideration that
branch of the limitation and restriction, to-wit : "And
shall be privileged to will to whom she may see proper."
This showed that in the opinion of the testator he had

not given it to her absolutely. *Harbison v. James*, 90 Mo. 411, *Reinders v. Koppelmann*, 68 Mo. 343. It is a universal rule of construction of instruments in writing that every provision should be given effect if it can be done. 3 Jarm. on Wills [Ed. 1880.] p. 703. (4) If he had intended to give her one-sixth in fee simple in the first branch of the clause, why did he, in the same branch, say, "under the following limitations and restrictions?" Then why did he expressly say that she should have the power to will the same? Jarm. on Wills, p. 494; *Mebane v. Wobank*, 2 John. Ch. 293; Collier's Will, 40 Mo., *supra*, 298–9. (5) When the language of a provision of a will is equivocal or obscure, the intention of the testator must be sought for by an examination of all the provisions of the instrument. There is no inflexible rule of interpretation to govern the determination of the inquiry. *Reinders v. Koppelmann*, 68 Mo. 490–1; *Lytle v. Beveridge*, 58 N. Y. 592; *Hoppock v. Tucker*, 59 N. Y. 202; *Phillips v. Davies*, 92 N. Y. (6) The devise to the widow not being absolute, the limitation was not open to the objection that it was void, because repugnant to the preceding grant. 2 Woerner's American Law of Adm'n, pp. 953–4–5–6. (7) The sale and conveyance by deed was not a valid execution of the power to dispose of it by will. The due execution of a power requires a substantial compliance with every condition which precedes or accompanies it. Sugden on Pow. [3 Am. Ed.] 278, 326; *Bredell v. Collier*, 40 Mo. 287; 4 Kent's Com. 335; 1 Jarm. on Wills, pp. 43, 55, 57 (note); *Matter of Vanderbilt*, 20 Hun. 122; Hill on Trustees, 478; *Allen v. DeWitt*, 3 N. Y. 276; *Barber v. Cary*, 11 N. Y. 397; *Hetzel v. Barber*, 69 N. Y. 1; *Richardson v. Sharp*, 29 Barb. 222. (8) As the errors complained of affirmatively appear on the face of the record proper, the motion in arrest and bill of exceptions were wholly supererogatory. *State ex rel. v. White*, 61 Mo. 441; *Bagby v. Emberson*, 79 Mo. 139.

*O. L. Houts* and *Sweeney & Walker* for defendants in error.

(1) Samuel T. Taylor, by his will, devised to his wife, Elizabeth Taylor, an undivided one-sixth in fee simple, and a dower interest in all of his real estate. R. S. 1879, sec. 4003 and 4004; *Herbert v. Thompson,* 3 Adolphus & E. (K. B.) 123; 30 Eng. Com. Law Rep. 50; *Downey v. Borden,* 38 N. J. Law, 492 and citations; *Den v. Snitcher,* 2 Green. 54; *Boyd v. Satterwhite,* 10 S. C. 46; *Burleigh v. Clough,* 52 N. H. 271; *Brownfield v. Wilson,* 78 Ill. 470; *Ruby v. Barnett,* 12 Mo. 6; *Gregory v. Cowgill,* 19 Mo. 416; *Kimm v. Weipert,* 46 Mo. 535 and cases cited; *Green v. Sutton,* 50 Mo. 191; *Reinders v. Koppelmann,* 68 Mo. 491–2; *Haine v. Tolson,* 73 Mo. 325; *Wead v. Gray,* 78 Mo. 62; *Harbison v. James,* 90 Mo. 297; *Jackson v. Robbins,* 16 Johns. (N. Y.) 588; *Barford v. Street,* 16 Ves. 135; *Ramsdell v. Ramsdell,* 21 Me. 288. (2) The title conveyed by the will vested in the widow and children immediately upon the death of the testator. *Collier's Will,* 40 Mo. 287–321 and cases cited. (3) An estate in fee was bequeathed to the widow, and not simply a life-estate, there being no devise over of any remainder. R. S. 1879, secs. 4003 and 4004; *Schamaunz v. Goss,* 132 Mass. 144. (4) In order to create a life-estate, it must be clearly and definitely expressed, and there must be a devise over of the remainder. R. S., secs. 4003 and 4004; *Ruby v. Barnett, supra; Green v. Sutton, supra,* 192. (5) The reference in the will to the manner in which the widow could dispose of her portion (by will) does not restrict her to that mode. *Green v. Sutton, supra,* 191. (6) There is no provision in the will limiting or restricting the estate or the title devised. The limitation or restriction applies only to the use and possession, and to the time of division of the estate; and these are all for the use and benefit of the wife. The whole tenor of the

will shows that the testator's desire and intention was to make a liberal provision for his wife, instead of restricting her, as contended by the plaintiff in error.

BLACK, J.—This is a suit for the partition of about two hundred and eighty acres of land. Solomon T. Taylor died in 1870, and by his last will devised the land to his wife and five children. That part of the will which gives rise to this contest is in these words :—

" I will and bequeath unto my beloved wife, Elizabeth I. Taylor, and my children, namely : Samuel S. Taylor, George Taylor, William J. Taylor, Richard P. Taylor and Nancy I. Taylor, all my personal and real estate, to be equally divided unto them without favoring one more than the other, under the following limitations and restrictions, namely : That my beloved wife, Elizabeth I. Taylor, is to be the sole guardian of all my children during their legal minority, and not be required to give any security in law for the performance of the guardianship, and she is to keep possession of the farm and all the stock and farming utensils that she wishes, together with all the household and kitchen furniture, and provide for the maintenance and education of all my children during their minority ; and further, I ordain that no partition or division of my landed or personal estate shall take place or be allowed by my executor until my youngest child, Nancy I. Taylor, shall have arrived to years of legal majority, and then my wife shall still retain her lawful dower in all my real estate during her natural life, and be privileged to will to whom she may see proper her portion of my real estate."

The widow died intestate in October, 1883, but prior to that date she and two of the children sold and by deed conveyed their interest in the property to George Couch, through whom defendants claim. Nancy I. Taylor, the youngest child of the testator, attained her majority in June, 1884, and in that year she and

the two remaining children conveyed their interest in the land to the plaintiff, William Cook.

This cause turns upon the construction of the will of Solomon T. Taylor, and the question is, what estate did the widow take. The circuit court held that she took, besides dower, an undivided one-sixth in fee simple, thus giving to the plaintiff but three-sixths of the property. The claim of the plaintiff may be expressed as follows : By the will the widow took a *quantity* equal to an undivided one-sixth, limited in duration to the time when the youngest child attained the age of majority, *then* the widow became seized of an estate equal to that of her dower right, coupled with a power to dispose of the one-sixth *by will only.*

By reference to the will it will be seen the testator devises to his wife and five children all of his property, real and personal, to be equally divided between them without favoring one more than the other. Thus far the widow and each of the children would take a one-sixth in fee. This result is expressed in terms too plain to be questioned. But the will goes on to say, under the following restrictions and limitations, namely: *First*, the wife is to be the sole guardian of the children and is released from giving security ; *second*, she is to keep possession of the farm, stock, farming utensils and household furniture, and provide for the maintenance and education of all of the children during minority ; *third*, no partition of the real or personal property is to take place until the youngest child shall attain her majority. All of these limitations and restrictions apply to the interest devised to the children as well as that devised to the wife, and there is not one of them that expresses or discloses any purpose or intention to cut down the estate in fee to the one-sixth before devised to the wife. This devise of a one-sixth would be in lieu of dower, unless the testator, by his will, otherwise declared (R. S., sec. 2199), and hence he goes on to

say that she shall still retain her dower ; thus not only devising to her a one-sixth, but also in terms preserving to her her dower.   Then speaking of her, he adds, "and be privileged to will to whom she may see proper, her portion of my real estate."   These are the only words in the will from which any plausible argument can be made that she took a life-estate, with power to dispose of the same by will only.

The cardinal rule of construction of wills is to ascertain the true intent and meaning of the testator, and in doing this we are to look to the whole will and every clause thereof, but each clause must have accorded to it no greater force or effect than that intended by the testator.   The leading object of the testator seems to have been to keep the whole of the property in the possession and use of the wife so long as the duty of rearing and educating any of the children devolved upon her ; and to give her, in addition to dower, a part equal to that of a child.   There is not a thing in the will to overcome all this evidence of a design to give her a one-sixth in fee, save the single expression that she should be privileged to will it to whom she saw fit ; and to give to that expression the effect of creating a life-estate only with power to dispose of the fee, is to make what appears to be a casual expression override what otherwise appears to have been the leading purpose of the testator, and this ought not to be done.

Our statute, in substance, declares that in all devises of land in which the words heirs and assigns are omitted, and no expressions are contained in the will, whereby it shall appear that such devise was intended to convey an estate for life only, and no further devise is made to take effect after the death of the devisee, it shall be understood to be the intention of the testator to devise an estate in fee simple.   R. S. 1879, sec. 4004. There are no words expressly limiting the wife to a

life-estate in the one-sixth, and there is no disposition of the remainder after her death, and the words saying that she shall be privileged to will to whom she may see proper her portion do not alone indicate an intention to devise an estate for life only.

The most that can be said in behalf of the theory advanced by the plaintiff is, that there is here a devise generally of the one-sixth with a superadded power to dispose of the same by will. The general rule is, that a devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. *Ruby v. Barnett*, 12 Mo. 3; *Gregory v. Cowgill*, 19 Mo. 416; *Green v. Sutton*, 50 Mo. 186. A distinction must be made between those cases where there is a devise generally or indefinitely with a power of disposition, and those cases where there is a devise for life with a power of disposition. In the former the devisee takes the property in fee. *Reinders v. Koppelmann*, 68 Mo. 482–490.

The cases cited for the plaintiff do not support the proposition which he seeks to maintain. In *Chiles v. Bartleson*, 21 Mo. 346, the testator gave his land to his wife, and then provided that, upon her death, it should be divided between his children, thus showing clearly an intention to give the wife a life-estate only. In *Bryant v. Christian*, 58 Mo. 98, the will in express terms gave the wife only a life-estate, and, of course, the addition of a power of sale would not enlarge that estate to a fee. *Carr v. Dings*, 58 Mo. 400, is more in point. But in that case there was a disposition of the remainder. The case turned upon the question whether the testator intended to give in remainder to his brother's children the residue of his estate, after carving out a one-fourth over which the wife had the power of disposal, or the whole estate undisposed at the death of the wife; and the conclusion was reached that he intended the children should take whatever remained.

And in *Harbison v. James*, 90 Mo. 417, the testator gave all of his property to his wife, with power to sell and re-invest for her use and benefit, but with the further provision that at her death any portion of the estate remaining undisposed of should go to his three daughters. There was in that case a plain purpose indicated to give the daughters whatever of the estate remained at the death of the wife, and this court gave full force and effect to that intention.

The testator evidently designed to dispose of the whole of his estate and to die intestate as to no part or portion thereof. As to the one-sixth devised to the widow there is no limitation over, nor has he used any words showing an intention to give her a life-estate only or any estate to one-sixth less than a fee, and we have seen that a power of disposal will not, of itself, cut down a fee simple to which it is added. As Elizabeth I. Taylor took the fee of the one-sixth she could dispose of it as she saw fit. The construction given by the circuit court to the will was the correct one, and the judgment is therefore affirmed. All concur.