YORE et al. v. YORE.

(Circuit Court, E. D. Missouri, E. D. July 14, 1894.)

1. DEED—CONSTRUCTION.

Where land is conveyed to a trustee for the sole and separate use of a married woman, giving her full power to sell and convey the property, and it is provided that, in case she dies without disposing of the property by deed or will, the trust shall cease and determine, and the property shall revert to and vest in her husband, *held* that, on the death of the wife, the property being undisposed of, an equitable fee-simple title to the land vested in the husband.

2. SAME—STATUTE OF LIMITATIONS.

Where land is conveyed to trustee for the sole and separate use of a married woman, in trust to pay over to her the rents during her natural life, and no longer, with power on her part to dispose of the property, and it is provided therein that, in case of her death without disposing of the property, then that the same shall be held by the trustee for the use and benefit of her children, *held* that, upon her death, the title to the property vested in the children; and the husband having entered into possession of the premises, claiming them as his own, and having held them continuously for a period of more than 10 years after the death of the wife, the right of entry of the children as remaindermen was barred.

This was an action of ejectment by the plaintiffs, as the sole heirs of their father, William A. Yore, for the recovery of a one sixth interest in the premises in controversy.

William A. Yore, plaintiffs' father, was one of six children born of the marriage of Patrick Yore and Barbara Ann Yore. Barbara Ann Yore died intestate, April 21, 1876, leaving the property undisposed of. William A. Yore was born in 1847, and died November 9, 1886, so that, at the time of his mother's death, he was 29 years old. Patrick Yore died July 14, 1889, and by his will left nothing to the children of William A. Yore. Patrick Yore married defendant, May 24, 1879. By marriage settlement dated May 22, 1879, he conveyed the premises in controversy to defendant for life. On the death of Barbara Ann Yore, Patrick Yore entered into the possession of the premises, claiming them as his own, and so continuously held possession

to the time of his death. The property is on the southwest corner of Eighth and St. Charles streets in the city of St. Louis, and has a front of 70 feet on the west line of Eighth street. Plaintiffs claimed title under two deeds: (1) Deed from Michael Kelly to John E. Yore, trustee of Barbara Ann Yore, dated January 12, 1857. This deed conveyed 37 feet to the trustee, beginning at the corner, to the use of Barbara Ann Yore, in trust—First, to receive and pay the rents to Barbara Ann Yore, as her separate property; second, to sell and convey the property in fee simple in such manner as said Barbara Ann Yore might designate. Said deed provided that, if said Barbara Ann Yore should die without having disposed of the property by deed or last will, the property should revert absolutely to Patrick Yore, his heirs and assigns. As to this deed the plaintiffs contended that the absolute fee vested in Barbara Ann Yore, and that the remainder to Patrick Yore was of no force and effect, and relied principally on the case of Green v. Sutton, 50 Mo. 186. As to the remainder of the lot, plaintiffs relied upon a deed from Thomas O'Flaherty to James Meegan, trustee of Barbara Ann Yore, which conveyed the property in trust for the sole and separate use of Barbara Ann Yore during her life, and no longer, to receive the rents, with power to sell, mortgage, etc. In case of her death without having disposed of the property, then said property was to be held by the testator for the sole use and benefit of the children of Patrick and Barbara Ann Yore.

C. P. Johnson, J. D. Johnson, D. P. Dyer, and M. F. Hunley, for plaintiffs.

H. D. Wood and A. J. P. Gareshee, for defendant.

Upon the proposition that the construction of deeds must be upon the entire instrument, with a view to give effect to the whole instrument, and that, by the first deed above referred to, an equitable fee-simple title vested in Patrick Yore on the death of Barbara Ann Yore, counsel cited Long v. Timms, 107 Mo. 519, 17 S. W. 898; Bean v. Kenmuir, 86 Mo. 666; Pollard v. Bank, 4 Mo. App. 408; Carr v. Dings, 58 Mo. 400; Harbison v. James, 90 Mo. 411, 2 S. W. 292; Munro v. Collins, 95 Mo. 33, 7 S. W. 461; Straat v. Uhrig, 56 Mo. 482; Jecko v. Taussig, 45 Mo. 167; Smith v. Bell, 6 Pet. 68; Greffet v. Willman, 114 Mo. 107, 21 S. W. 459; Lewis v. Pitman, 101 Mo. 281, 14 S. W. 52; Gaven v. Allen, 100 Mo. 293, 13 S. W. 501; Wood v. Kice, 103 Mo. 329, 15 S. W. 623; Bassett v. Budlong (Mich.) 43 N. W. 984; Prior v. Quackenbush, 29 Ind. 475; Baxter v. Bowyer, 19 Ohio St. 490; Chew v. Keller, 100 Mo. 368, 13 S. W. 395; and other cases; and upon the proposition that, by the statute of uses, a fee may be mounted upon a fee, counsel cited Bean v. Kenmuir, 86 Mo. 666; Straat v. Uhrig, 56 Mo. 482; Wood v. Kice, 103 Mo. 329, 15 S. W. 623; Chew v. Keller, 100 Mo. 368, 13 S. W. 395; 2 Washb. Real Prop. (2d Ed.) *251, *252; Dunwoodie v. Reed, 3 Serg. & R. 452; Saund. Uses & Trusts, *149, *150; Carver v. Jackson, 4 Pet. 1. As to the second deed, upon the proposition that Barbara Ann Yore took a life estate, and that upon her death the trustee held the property in trust for the children of Barbara Ann and Patrick Yore, counsel cited Rubey v. Barnett, 12 Mo. 3; Reinders v. Kopplemann, 68 Mo. 482. That the statute of uses did not execute the use in Barbara Ann, see Pugh v. Hayes, 113 Mo. 432, 21 S. W. 23. That Patrick Yore had no right to the possession as tenant by the curtesy, see Spencer v. O'Neill, 100 Mo. 49, 12 S. W. 1054. That the adverse possession of Patrick Yore barred the right of entry of the children as remainder men, see Jackson v. Harsen, 7 Cow. 323; Jones v. Johnson, 81 Ga. 293, 6 S. E. 181; King v. Rhew, 108 N. C. 696, 13 S. E. 174; Pattison v. Dryer (Mich.) 57 N. W. 814; Busw. Lim. par. 401; Probst v. Trustees, 129 U. S. 182, 9 Sup. Ct. 263; Houx v. Batteen, 68 Mo. 84; Bank v. Evans, 51 Mo. 335; Farris v. Coleman, 103 Mo. 353, 15 S. W. 767; Ewing v. Shannahan, 113 Mo. 188, 20 S. W. 1065.

THAYER, District Judge. It will be sufficient, to advise counsel of the grounds on which the decision in this case rests, to say that the court holds:

First. That it is a well-settled doctrine in Missouri that a deed should receive such construction as to give effect to the obvious intentions of the parties thereto.    Technical rules of construction will be ignored, especially in deeds designed as family settlements, when they do violence to the evident intent of the grantor.    Bean v. Kenmuir, 86 Mo. 666, 671; Cook v. Couch, 100 Mo. 29–34, 13 S. W. 80; Lewis v. Pitman, 101 Mo. 281–292, 14 S. W. 52; Long v. Timms, 107 Mo. 512, 519, 17 S. W. 898.    There can be no doubt, in view of the proviso contained in the habendum clause of the deed from Michael Kelly to John E. Yore, trustee of Mrs. Barbara Ann Yore, of date January 12, 1857, that the grantor intended that the title to the lot therein described should vest in Patrick Yore in fee simple in the event that his wife, Barbara Ann, died without having disposed of the property either by deed or will.    The deed must be construed as having vested in Barbara Ann a life estate, with power of disposal either by deed or will.    Hence the plaintiffs cannot recover as to any of the property included in the Kelly deed.

Second.    The court holds that the action is barred by the statute of limitations, as to the property included in the deed from O'Flaherty to Meegan, trustee of Ann Yore. of date April 26, 1852.

Judgment for defendant on these grounds.