ALONZO H. THOMPSON and HATTIE I. LIND-
LEY, Appellants, v. R. R. STILWELL.

**Division One, December 6, 1913.**

1. **SUIT TO QUIET TITLE: Sec. 2535, R. S. 1909: Legal or
   Equitable Action: Determined by Pleadings.** Where, in a
   simple proceeding to ascertain and determine title under Sec.
   2535, R. S. 1909, there is nothing in the pleadings which
   gives it an equitable character, the rules applicable in ordinary
   actions at law govern the case on appeal.

2. ———: ———: **Appeal: Action at Law.** Where, in an
   ordinary action at law, there is any legal theory, supported
   by substantial evidence, which justifies the trial court's find-
   ing, the judgment must be affirmed on appeal.

3. ———: ———: ———: **Evidence: Adverse Possession:
   Color of Title.** *Held*, that there was substantial evidence to
   support the trial court's finding of defendant's ownership of
   all the land in suit through adverse possession of a part with
   a claim and color of title to the whole.

Appeal from Morgan Circuit Court.—*Hon. John M.
Williams*, Judge.

AFFIRMED.

*Amos A. Knoop* for appellant.

(1) The possession of the east half did not defeat
plaintiff's claim as to the west half although both were
included in defendant's deed, unless there was pos-
session of a portion of the west half and that posses-
sion must comply with the statute as to open, adverse
and notorious. Rothrock v. Lumber Co., 80 Mo. App.
510. (2) A party who relies upon adverse possession
must show the actual knowledge of the real owner that
he claims in opposition to and in defiance of his title or
he must show such an occupancy and user, so open
and notorious and inconsistent with as well as in-
jurious to the rights of the true owner that the law

will authorize, from such facts, the presumption of such knowledge by the true owner. Hunnewell v. Burchett, 152 Mo. 614. (3) Where a proprietor of land, through a mistake or ignorance of location of the true line, separating his tract from that of an adjoining proprietor extends his fence beyond the true line and incloses a part of the land adjoining, the possession thus obtained does not become adverse. Pharis v. Jones, 122 Mo. 130. (4) The occupancy of the land, the use of its products, the assumption of dominion and authority over it, must be by acts so open, pronounced and conspicuous, that the owner in looking after it might see some evidence of a hostile claim or possession that he might challenge or contest. Musick v. Barney, 49 Mo. 463; Robinson v. Claggett, 149 Mo. 159; Nye v. Alfter, 127 Mo. 529; Lumber & Mining Co. v. Jewell, 200 Mo. 716. The legal title to the land was in appellant. The burden was on respondent to show sufficient adverse possession to divest that title. The land originally was fenced through a mistake. That mistake was discovered when Burnham made the survey, but when that was there is no proof. The possession of the small tract of cleared land by Moore was not so open, pronounced and conspicuous that any of the parties ever observed or suspected it until it was disclosed by the Burnham survey. How then could appellant in visiting the land have discovered or detected this possession? Respondent would have appellant charged with knowledge of facts that his own witnesses did not know or even suspect existed. Before the owner of the legal title is divested of his right on the ground of adverse possession the evidence of such adverse possession should be clear, cogent and convincing. Respondent has failed to show possession so open, pronounced and conspicuous that appellant, in visting the land, could have seen, therefore this cause should be reversed.

*A. L. Ross* for respondent.

(1) Respondent holds the land in controversy by mesne conveyances under John F. Baker, who was the owner of said land in 1868, and whose right, title and interest therein was levied on and sold to Hugh Lynch. The levy was prior to the date of the deed made by Baker to Swift under whom appellant claims, although the deed to Lynch was subsequent in registry. Nevertheless, the sheriff's deed to Lynch and all subsequent conveyances offered and admitted in evidence on behalf of respondent constituted color of title, regardless of the alleged defects in the justice's judgment. Fugate v. Pierce, 49 Mo. 441; Hamilton v. Boggess, 63 Mo. 233; Mansfield v. Pollock, 74 Mo. 185; Dunnington v. Hudson, 217 Mo. 100; Land & Lumber Co. v. Irvin, 200 Mo. 485. (2) Max Joachimi, under whose color of title and possession respondent holds, was not a squatter or a trespasser, but held said land in good faith, believing that he was the owner, and entered into possession of same in 1874, and held actual possession, by tenants, of a part of said land, exercising the usual acts of ownership over the entire tract, under claim and color of title to the whole, continuously for more than ten years. Schultz v. Lindell, 30 Mo. 310; Johnson v. Prewett, 32 Mo. 553; Crispen v. Hannavan, 50 Mo. 536; Norfleet v. Hutchins, 68 Mo. 597; Callahan v. Davis, 103 Mo. 444; Land Co. v. Hays, 105 Mo. 143; Heinemann v. Bennett, 144 Mo. 113; Plaster v. Gabreel, 160 Mo. 669. The possession of the tenant is the possession of his landlord. Farrar v. Heinerich, 86 Mo. 521. (3) The indicia of respondent's possession were sufficient. His possession was actual, open, notorious and continuous. If the appellant had visited and viewed the west half of the northeast quarter of said section two, at any time between 1874, and 1900, he would have seen and found a portion of said tract cleared, fenced and in cultivation. (4) There is no ground for appellant's conten-

tion that the controversy arose over a disputed bound-
ary. Appellant and Joachimi were claiming the same
land. Joachimi had it surveyed. Nobody questioned
this survey. If appellant had visited the premises he
would have seen the same land, including Joachimi's
enclosure. (5) The instruction asked by appellant
was properly refused. Respondent had shown color of
title, and actual, open, continuous, exclusive and peace-
able possession by Max Joachimi, his remote grantor,
of a part of said land, under claim and color of title to
the whole tract, exercising the usual acts of ownership
over same, for more than the statutory period neces-
sary to vest the title in him. All of the conveyances,
under which respondent claims title, were duly re-
corded and gave appellant constructive notice of ad-
verse claim and occupancy. Crispen v. Hannavan, 50
Mo. 536. (6) The court properly admitted in evidence
the conveyances offered by respondent, for the reason
they were at least color of title. And the evidence was
ample to warrant the finding of the court that the pos-
session of Max Joachimi, under whom respondent
claims, had ripened into title. On appeal the presump-
tion is in favor of the judgment, and it must stand un-
less it affirmatively appears that the judgment cannot
be justified on any ground. O'Neal v. St. Louis, 8 Mo.
App. 416. (7) (a) While suits under Sec. 2535, R. S.
1909, are not to be tried strictly as actions at law, yet
the issue joined and the facts in the case at bar disclose
an action at law and it should be so treated. (b) In
actions at law this court will not review the evidence,
or the findings of the court or jury below. (c) Even in
equity cases this court will defer to the findings of the
trial court. Taylor v. Penquite, 35 Mo. App. 389; Wad-
dell v. Williams, 50 Mo. 216; Willi v. Dryden, 52 Mo.
319; Hamilton v. Boggess, 63 Mo. 233; Hinchey v.
Koch, 42 Mo. App. 230; Rice v. McClure, 74 Mo. App.
383; Haywood v. Graham B. & S. Co., 59 Mo. App.
453; Ashby v. Homes, 68 Mo. App. 23. (d) The in-

struction asked by the appellant, and refused by the court, was merely a general direction to find for the plaintiff on the pleadings and the evidence, and was not such an instruction as would aid this court in ascertaining on what theory the lower court tried the case, and amounts to nothing.

BLAIR, C.—This proceeding was commenced by Alonzo Thompson. Since the appeal was taken he died and Alonzo H. Thompson and Hattie I. Lindley, his sole heirs and devisees, have been substituted as appellants.

This is a suit to ascertain and determine title under section 2535, Revised Statutes 1909. The land involved is the west half of the northeast quarter of section 2, township 41, range 19, Morgan county, Missouri. The whole of the quarter section was patented to Henry Alcorn, who executed a deed therefor to John F. Baker, who, in turn, executed a deed for the same land to H. A. Swift, which deed was filed for record September 12, 1868, and on April 25, 1870, Swift executed a deed for the same land to Alonzo Thompson, and this deed was recorded April 30, 1870.

Respondent claims by mesne conveyances under Hugh Lynch who purchased at a sheriff's sale on an execution on a transcript of a justice's judgment against John F. Baker in St. Louis county. This execution issued April 23, 1868. The execution was levied May 7, 1868, and the sale thereunder occurred September 22, 1868, and the deed from the sheriff to Lynch is dated September 23, 1868, and was filed for record January 6, 1871. Respondent also claims under the ten-year Statute of Limitation. Alonzo Thompson paid the taxes beginning with the year 1871, except for the years 1873, 1875, 1877, 1889, 1893, 1895 and 1896. Lynch in December, 1873, executed a deed to Max Joachimi and he paid the taxes for the years in which

*Suit to Quiet Title.*

Thompson did not pay them. Each of the two claimants knew the other was paying taxes. At the close of the evidence plaintiff's counsel requested the court, sitting as a jury, to give an instruction to the effect that under the pleadings and the evidence the finding must be for plaintiff. This, the court refused to do. No other instructions were asked or given, and the court found for defendant and rendered judgment accordingly.

Sec. 2535, R. S. 1909.

This is a simple proceeding under section 2535, Revised Statutes 1909, and there is nothing in the petition or answer which gives it an equitable character. The rules applicable in ordinary actions at law, therefore, govern the case in this court. [Lee v. Conran, 213 Mo. 404; Cousins v. White, 246 Mo. 1. c. 309.] This being true, if there is any legal theory, supported by substantial evidence, which justifies the trial court's finding, the judgment must be affirmed.

Action at Law: Appeal.

There was evidence that Max Joachimi in 1873 paid Lynch $400 in consideration of a deed for the quarter section including the land in suit; that in the summer or fall of 1874 he put up a cabin on the east half of the quarter section and for seven or eight years, off and on, did some mining on the west half thereof, miners occupying the cabin mentioned; that in 1874 he leased five or six acres of the west half to one Moore and had it cleared and fenced, and Moore cultivated it as Joachimi's tenant from 1874 until he died, about 1897; after his death Joachimi leased the same ground to Todd, who cultivated it until he died, about 1901 or 1902. During this period Joachimi had much of the timber cut off the unfenced portion of the tract and sold standing timber to others. In his rental contract with both Moore and Todd it was agreed they should keep trespassers off of the un-

Adverse Possession: Color of Title: Evidence.

fenced portion and protect the timber, and there is evidence they did so, at least that Moore did.

The court questioned Joachimi as follows: "Q. Mr. Joachimi, now you say there was some four or five or six acres cleared? A. Yes, sir. Q. The main part of the cleared tract being on the west half? A. Yes, sir. Q. Some little of it being on the east half? A. Yes, sir. Q. Now, was that fenced? A. Yes, sir. Q. Well, was it cultivated every year for as much as ten years? A. Yes, sir; more than that. Q. And continuously fenced? A. Yes, sir."

Other witnesses corroborated Joachimi as to the fact that he leased the cleared portion of the land in suit to Moore in 1874; that Moore cultivated it continuously until his death—about 1897; and that Todd then rented the parcel from Joachimi and cultivated it until he died—about 1901.

No one but Joachimi and his tenants, Moore and Todd, had ever been in possession of any part of the land. In 1877 Alonzo Thompson sent to the collector of Morgan county a check for $3.10 in payment of the taxes on the land in suit and the east half of the same quarter section. The collector returned the check and wrote Thompson that the taxes on this land for 1877 had been paid by Joachimi. March 24, 1890, the collector wrote Thompson that the taxes of 1889 had been paid by Joachimi, and in 1893 and 1897 similar letters were written by collectors to Thompson concerning the taxes of 1893, 1895 and 1897. In 1893 and 1897 Thompson's checks for taxes were returned to him.

The statute (Sec. 1882, R. S. 1909) provides that: "The possession, under color of title, of a part of a tract or lot of land, in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract."

It cannot be doubted that Joachimi had at least color of title to the whole of the land (Dunning v. Hudson, 217 Mo. 1. c. 100, 101), and there is evidence sufficient to support the finding that he entered in good faith and took and for twenty years held possession of part of the tract in the name and under claim of title to the whole. The acts of owership the evidence tends to show he exercised over the unfenced and uncleared portion of the land were of the usual character, the nature of this part of the tract being considered. [Hickman v. Link, 97 Mo. 1. c. 490; Leeper v. Baker, 58 Mo. 400.] These things were sufficient to satisfy the requirements of the statute.

There having been substantial evidence to support a finding under the statute, this court cannot now substitute itself ''for the trier of the facts, and retry it on the evidence.'' [Gaines v. Saunders, 87 Mo. 1. c. 563.]

It is suggested Moore fenced the cultivated parcel of the land through mistake and that this fact introduces into the case the rule relating to a situation in which one in mistaken possession of part of another's property claims only to the true line and not adversely. The question whether Moore fenced the land by mistake or fenced it at all, for himself, was, at most, one of fact, and a finding that he did not do so was clearly warranted by the evidence. Further, if he did so fence it, the evidence is all to the effect that from 1874 forward he occupied it as Joachimi's tenant. Neither Moore nor anyone claiming under him sets up title or claim to any of the land.

In view of these considerations, it appears that the evidence warranted a finding for defendant on the theory of adverse possession, for the requisite period, under color of title. It, therefore, becomes unnecessary to go into the questions raised in the excellent brief of plaintiff's counsel with respect to the sound-

ness of Joachimi's record title. The judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.