THE STATE *ex rel.* HAINES *et al., Appellants,* v. TOLSON *et al.*

1. **The Statute Abolishing Estates-tail:** PERSONAL PROPERTY. Section 4 of the statute of Uses and Trusts, (R. S. 1879, ₴ 3941,) abolishing estates-tail, has no application to money; (1) Because, by its terms, it is limited to land; (2) Because there never was such a thing known to the law as an estate-tail in mere personal chattels not savoring of the realty.

2. **Bequest of Money:** ABSOLUTE ESTATE VESTED IN FIRST TAKER: LIMITATION OVER, VOID. The residuary clause of a will was as follows: " I give, bequeath and devise unto my beloved niece, M. S. P., all my estate not hereinbefore devised, that is to say: (Here followed, described by numbers, the real estate devised.)   To have, hold and enjoy to the only proper use and behoof of the said M. S. P., and her heirs forever.   The true intent and meaning of this devise, is to give to the said M. S. P. all my estate, real, personal and mixed, not hereinbefore devised; provided, however, that it is my will and desire, that, if the said M. S. P. shall die without issue, then, in such event, the estate herein devised to her shall descend and go to W. and N., sister M.'s children." *Held,* (1) That the limitation over to W. and N. was not void as being within the rule against perpetuities, because, as W. and N. were persons in being, the words " die without issue " must mean issue living at the death of M. S. P.; but (2) The limitation was void for repugnancy, so far as concerned the money belonging to the testator and passing by this bequest, because M. ·S. P. took the absolute property therein.

*Appeal from Howard. Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

AFFIRMED.

*Draffen & Williams* for appellant.

1.   There, is no repugnancy between the clause in the will giving the residue of the estate to Margaret Shannie Page, and the subsequent one providing that upon her death, without issue, the estate should descend and go to. William and Nathan Haines. · *Norris v. Beyea,* 13 N. Y. · 273; *Tyson v. Blake,* 22 N. Y. 558.

2.   It is now well settled that an interest in personal property can be created after a life estate.   2 Kent Com.,

352, and the cases cited above.    Under our statute, (§ 3942,) first enacted in 1845, the words " dying without issue," are construed to mean " issue living at the death of the person named as ancestor."

3.    The limitation over being good, Margaret Shannie Page was  only entitled to the income or interest upon the money in the hands of the  defendant  administrator, during her life, and a payment of the principal to her was unauthorized, and constituted no defense, and the court ought so to have declared.    *Tyson v. Blake*, 22 N. Y. 558 ; *Norris v. Beyea*, 13  N.  Y.  273 ;  *Field  v.  Hitchcock*, 17  Pick. 182; *Golder v. Littlejohn*, 30 Wis. 344 ;  *Wootten  v.  Burch*, 2 Md. Ch. Dec. 190 ;  *Spear v. Tinkham*, 2 Barb. Ch. 211 ;  2 Lead. Cas. Eq., (Hare & Wallace) 535 ;  *Austin v. Watts*, 19 Mo. 297, 298, 300.    There is  a  distinction  between  a general legacy with remainder over, and a specific legacy with the same limitation, as to the  duty  of  the  executor.    When a chattel is specifically bequeathed the executor may deliver it to the first taker, but in a general legacy of the residue, as in the case at bar, the executor can only pay the tenant for life the income, and must preserve the principal for those who are to take in remainder.    *Field v. Hitchcock*, 17 Pick. 182 ; *Wootten  v.  Burch*, 2 Md. Ch. Dec. 190 ; *Livingston v. Murray*, 68 N. Y. 485.

4.    Margaret Page was only entitled to a life estate in the money, with remainder to the relators, if she died without issue, and to the issue, if any survived her.    In either event, she only took a life estate.    *Thompson v. Craig*, 64 Mo. 312.

*Chas. A. Winslow* with *Major, Shackelford & Herndon* for respondents.

1.    The position that the will vested only a life estate in the first legatee, is untenable.    No such estate is created by express words, and there are no limitations on the general estate devised from which it can be implied.    The

limitation over upon the general estate, in the contingency of death without issue, is too remote and uncertain to create a life estate in the first taker. Authorities cited elsewhere clearly establish this position.

2. The contingent legacy can only take effect, if at all, as an executory devise. As a good executory devise, it conferred upon M. S. Page the possession and control of the entire property devised to her as the first taker. The executor had no right to retain the personalty a moment beyond the time when it became his duty to pay it over under the statutes as a legacy. No trusts attached to it in his hands for the benefit of the contingent legatees. His duty was to pay the money to the first legatee, and a failure in this respect would have been a breach of his bond. She had the right to recover it by suit. The court, even, had no power to retain it or direct its disposition for the protection of the contingent legatees. Their remedy was in equity. *Griffiths v. Smith*, 1 Ves., Jr. 97; *Pelham v. Taylor*, 1 Jones Eq. 121; *Fiske v. Cobb*, 6 Gray 144; *Howland v. Howland*, 100 Mass. 222; *Condict v. King*, 13 N. J. Eq. 382; *Rowe v. White*, 16 N. J. Eq. 417; *Jones v. Stites*, 19 N. J. Eq. 327; *Lapham v. Martin*, 33 Ohio St. 99; 2 Williams on Exrs., (6 Am. Ed.) 1490.

3. The will vests in the first legatee the absolute power of disposition over the personal estate. (1) The words " to have, hold and enjoy to the only proper use and behoof," standing unlimited and unrestrained imply absolute power and dominion. No life estate, express or general, is created; no limitations or restrictions are placed on the free use and enjoyment of the property; no trustee is appointed or trusts declared; but the unrestrained use and enjoyment is given in words most absolute, and the disposition made " in a way that might result in the consumption of the property itself," which is always indicative of an absolute gift. *Allen v. Claybrook*, 58 Mo. 131; *Rubey v. Barnett*, 12 Mo. 3; *Norcum v. D'Oench*, 17 Mo. 117; *Hazel v. Hagan*, 47 Mo. 277; *Green v. Sutton*, 50 Mo. 186.

(2) Where the clear import of the gift is to vest the legatee with the power of disposing of the principal fund, the thing itself, so that in the lawful exercise of that power the estate may be consumed by the first legatee, and nothing be left at his decease, and where only the residue undisposed of is given over, then the legacy over is void for repugnance to the absolute ownership previously given. *Pinckney v. Pinckney,* 1 Bradf. Sur. 272. If, therefore, it appears to have been the intention of the testator, either from the words used or the general nature and object of the bequest, that the first taker should use any part of the principal, or it is so disposed of that she might lawfully do so, so that only the residue could pass over, the gift was absolute and the condition void. It is only when the entire interest, the thing itself, is limited over, that such conditions are upheld; and, without the appointment of trustees, the creation of some trusts in the executor, or some express provisions for the purpose, it is difficult to conceive how such a thing can be accomplished with personal property. 4 Kent's Com., (10 Ed.) 303; *Attorney General v. Hall,* Fitzgibbon 314; *Flanders v. Clark,* 1 Ves. Sr. 9; *Ross v. Ross,* 1 Jac. & Walk. 153; *Flinn v. Davis,* 18 Ala. 158 *et seq.; Harris v. Knapp,* 21 Pick. 412; *Ramsdell v. Ramsdell,* 21 Me. 288; *King v. King,* 12 Ohio 390; *Davis v. Boggs,* 20 Ohio St. 550; *Lynde v. Estabrook,* 7 Allen 68; *McKenzie's Appeal,* 41 Conn. 607; *Allen v. Claybrook,* 58 Mo. 131.

4. The limitation over to relators contained in the will is void for repugnancy to the general gift of the property to the first legatee, because of the peculiar words used in the bequest, the nature of the bequest itself, and the circumstances surrounding the will.

5. The form of the bequest was such, conceding it to be valid, that it became the duty of the executor to pay the legacy to the first legatee, and the money in his hands had been so paid over in accordance with the will. Under this defense it is maintained that the defend-

ant, Tolson, having married the first legatee, became entitled to the legacy, which was of the whole estate, to the extent of his wife's interest therein, by virtue of his marital rights, and that he had in that capacity appropriated the money to his own use.    *Walker v. Walker*, 25 Mo. 367.

HOUGH, J.—This action is upon the bond of Joseph Tolson, as administrator *de bonis non*, with the will annexed, of the estate of John McDonald, deceased, for an alleged failure to pay over to relators the amount found in his hands on his final settlement, which they claim as contingent legatees under the will of said McDonald, who died testate in 1873, in Howard county, Missouri.    The will was probated April 14th, 1873, and William G. Edwards, who was named as executor, qualified and commenced the administration, and afterward died.    February 14th, 1875, Tolson was appointed, and received $2,655.56 as the amount left unadministered in Edwards' hands.    M. S. Page, the principal legatee, was then his wife.    November 3rd, 1875, he made his final settlement, showing $2,427.74 in his hands. M. S. Page, then Mrs. Tolson, died without issue in March, 1877, according to the petition, and this action was commenced July 9th, 1877.    Tolson claimed the money in his hands as husband, and paid out portions of it to his wife and for her benefit, during her lifetime, in accordance with his construction of the will.

The will in question, omitting the formal parts and the first and last clauses, which are not material, is as follows :    (2) It is my will and desire that my executor, hereinafter mentioned, shall, as soon as convenient after my demise, pay all and singular my just debts and funeral expenses out of my money and personal property.    (3) I give, bequeath and devise unto Fanny Rawlins, the sum of $1, unto the heirs of Mary Haines $1 each, to Strother H. McDonald the sum of $1, to be paid to the aforesaid parties by my executor in convenient time after my demise. (4) I give, bequeath and devise unto my beloved niece,

Margaret Shannie Page, all my estate not hereinbefore devised, that is to say : (Here follows, described by numbers, the real estate devised.)   To have, hold and enjoy to the only proper use and behoof of the said M. S. Page, and her heirs forever.   The true intent and meaning of this devise is, to give to the said M. S. Page all my estate, real, personal and mixed, not hereinbefore devised in the third section of this will ; provided, however, that it is my will and desire, that, if the said M. S. Page shall die without issue, that then, in such event, the estate herein devised to her shall descend and go to William and Nathan Haines, sister Mary Haines' children.

It is argued by the appellants that the fourth clause of the will in question  created at common law, an estate-tail 1. THE STATUTE ABOLISHING ESTATES-TAIL : personal property. in Margaret Shannie Page, and that by the fourth section of our statute of Uses and Trusts, (R. S., § 3941,) this estate was cut down to a life estate in M. S. Page, with remainder in fee to the next taker, and, therefore, as M. S. Page had only a life estate in  the  money sued for, the  administrator with the will annexed, had  no right to pay it over to her, but should have taken proper steps to secure the *corpus* of said fund for the benefit of the relators, and having failed to do so, he is liable on his bond.   As the property sued for is money, the section of the statute in relation to Uses and Trusts above cited, can have no application.   That section is, by its terms, applicable to lands, only.   Besides, mere personal chattels which do not savor of the realty, cannot be entailed, and there is, therefore, no such estate known to the law, as an estate-tail in money, and the statute can at most, only take effect as to the land devised to Miss Page.

The argument of the appellants, however, necessarily concedes what we think is quite evident, that the will does not, on its face, and by its terms, create a life estate simply, in Miss Page.   If it does not create a life estate, it is plain that, so far as the form of the gift is concerned, the whole

property in the money and other personalty passed to Miss Page, with an executory devise over to the relators. It is well settled, however, that an executory limitation of either real or personal estate to take effect after an indefinite failure of issue, is void. *Badger v. Lloyd*, 1 Salk. 232; *Chism v. Williams*, 29 Mo. 288. In order to qualify the common law meaning of the words "die without issue," counsel for appellants rely upon section 3942 of the Revised Statutes, which is as follows: Section 3942. "When a *remainder* in lands or tenements, goods or chattels, shall be limited by deed, or otherwise, to take effect on the death of any person without heirs, or heirs of his body, or without issue, or on failure of issue, the words 'heirs' or 'issue' shall be construed to mean heirs or issue living at the death of the person named as ancestor." Whether an *executory devise* comes within the provisions of this section, need not be decided in this case; for even if the statute does not include executory devises, there are words sufficient in the will to limit the words "die without issue," to issue living at the death of M. S. Page, as the limitation over is to two persons in being, and not to them and their heirs. *Timberlake v. Graves*, 6 Munf. 174; *Chism v. Williams*, 29 Mo. 288; *Deihl v. King*, 6 Serg. & R. 29; *Bedford's Appeal*, 40 Pa. St. 18. So far as the form of the gift then is concerned it is not within the rule against perpetuities. But as Miss Page took the entire property in the money sued for, and not a mere life estate therein, and as the words of the will "to have, hold and enjoy to the only proper use and behoof of the said M. S. Page, and her heirs forever," evidently contemplate that she should have the right to use the fund bequeathed, we are of opinion that the money vested in her absolutely, and that the limitation over is void for repugnancy. 4 Kent 303; *Rubey v. Barnett* 12 Mo. 6; *Allen v. Claybrook*, 58 Mo. 131; 2 Redfield on Wills, 277; *Amelia Smith's Appeal*, 23 Pa. St. 9. It follows that the present action cannot be maintained. If the plaintiffs have any rights under the statute of Descents and Distri-

butions, they must be asserted in a different way. The judgment of the circuit court will be affirmed. The other judges concur.