## WALTON et al., Appellants, v. DRUMTRA et al.

### In Banc, December 5, 1899.

1. **Deeds**: INTENTION OF PARTIES. The intention of the parties to a deed is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and this intention must be given effect if practicable when not contrary to law. The same rule applies to the construction of a will.

2. ———: ABSOLUTE ESTATE TO TRUSTEE: EXECUTORY LIMITATION: LIFE ESTATE. A deed conveyed land to a trustee for the use of a married woman, with power in him to "receive and pay the rents" to her "as her separate property," or to permit her to use and occupy it "in such manner as to her shall seem meet and proper," and with power in him "to sell and convey in fee simple for such price and upon such terms and to such person or persons" as she might designate, but provided that if she "shall die leaving said property undisposed of either by deed of conveyance or by last will and testament, then the trust herein created shall cease, determine, and be at an end, and the said property shall vest in and revert absolutely" in her husband "and his heirs and assigns forever, and the said trustee shall in such case, convey, by proper deed of conveyance in fee the said property to her" said husband "and his heirs and assigns forever." She died intestate without having made any disposition of the property, and her husband conveyed it by deed to the defendant, and put her in possession. *Held*, that the deed vested a life estate in the wife, with power of disposal by the trustee during her life as she might direct, and with power in her to devise it by will; but as she exercised neither power, the trust terminated on her death and the property vested absolutely in her husband, by executory limitation, and her children by him can not recover it from his grantee. (Distinguishing Cornwell v. Wulff, 148 Mo. 542).

MARSHALL, J., in a separate concurring opinion, holds there is no distinction between the deed involved in this case and that in Cornwell v. Wulff, 148 Mo. 542, and that the majority opinion in the Cornwell case should be overruled, and in this ROBINSON, BRACE and SHERWOOD, JJ., concur.

GANTT, C. J., also in a separate opinion, holds that a valid executory devise can not subsist under an absolute power of disposition in the first taker in fee; and that the deed in the Cornwell case created a dry executed trust, but the one in this case an active executory trust and in this opinion BURGESS and VALLIANT, JJ., concur.

Walton v. Drumtra.

*Appeal from St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

WEBSTER & WEBSTER for appellants.

(1) The deed from Michael Kelly to John E. Yore, trustee for Barbara Ann Yore, vested in Mrs. Yore an equitable fee simple estate in the property thereby conveyed. Rubey v. Barnett, 12 Mo. 3; Green v. Sutton, 50 Mo. 186; State ex rel. v. Tolson, 73 Mo. 320; Tremmel v. Kleibolt, 75 Mo. 255; Wead v. Gray, 78 Mo. 59; Cornwell v. Orton, 126 Mo. 355; Evans v. Folks, 135 Mo. 397; Cornwell v. Wulff, 148 Mo. 542; McKenzie's Appeal, 41 Conn. 607; Jones v. Beer, 57 Conn. 295; O'Boyle v. Thomas, 116 Ind. 243; Williams v. Allison, 33 Ia. 278; Benkert v. Jacoby, 36 Ia. 273; Rowa v. Meier, 47 Ia. 607; Case v. Dwire, 60 Ia. 442; Alden v. Johnson, 63 Ia. 124; In re Burbank, 69 Ia. 378; Bulfer v. Willigrod, 71 Ia. 620; Bernesch v. Clark, 49 Md. 497; Williams v. Worthington, 49 Md. 572; Foos v. Scarf, 55 Md. 301; Combs v. Combs, 67 Md. 11; Ide v. Ide, 5 Mass. 500; Gifford v. Choate, 100 Mass. 343; Hale v. Marsh, 100 Mass. 468; Spooner v. Lovejoy, 108 Mass. 529; Davis v. Mailey, 134 Mass. 588; Kelly v. Meins, 135 Mass. 231; Jackson v. Robbins, 16 Johns. 587; Helmer v. Shoemaker, 22 Wend. 137; Van Horn v. Campbell, 100 N. Y. 287; Howard v. Carusi, 109 U. S. 725; Randall v. Josselyn, 59 Vt. 561; Stowell v. Hastings, 59 Vt. 594; Chaplin v. Doty, 60 Vt. 712; Tiedeman on Real Prop. (2 Ed.), 564. (2) The limitation over to Patrick Yore, upon the death of his wife without having disposed of the property by deed or will, is void, whether it be considered a remainder or an executory limitation. Green v. Sutton, 50 Mo. 186; Cornwell v. Orton, 126 Mo. 355; Cornwell v. Wulff, 148 Mo. 542; McKenzie's Appeal, 41 Conn. 607; Phelps v. Bates, 54 Conn. 11; St. John v. Dann, 60

Conn. 401; Welsch v. Savings Bank, 94 Ill. 191; Hamlin v. Express Co., 107 Ill. 443; Steib v. Whitehead, 111 Ill. 247; Wolfer v. Hemmer, 144 Ill. 554; Ewing v. Barnes, 156 Ill. 61; Wilson v. Turner, 164 Ill. 398; Fullenweider v. Watson, 113 Ind. 18; Case v. Dwire, 60 Ia. 442; Bills v. Bills, 80 Ia. 270; Ramsdell v. Ramsdell, 21 Me. 288; Pickering v. Langdon, 22 Me. 413; Jones v. Bacon, 68 Me. 34; Mitchell v. Morse, 77 Me. 423; Tyler v. Brown, 88 Me. 56; Hill v. Hill, 5 G. & J. (Md.) 87; Combs v. Combs, 67 Md. 11; Gifford v. Choate, 100 Mass. 343; Kelly v. Meins, 135 Mass. 231; Damrell v. Hart, 137 Mass. 218; Shaw v. Cordis, 143 Mass. 443; Todd v. Sawyer, 147 Mass. 570; Joslin v. Rhoades, 150 Mass. 301; McClellan v. Larch, 45 N. J. Eq. 17; Dodson v. Sevars, 52 N. J. Eq. 611; Jackson v. Bull, 10 Johns. 18; Jackson v. Delancy, 13 Johns. 537; Jackson v. Robbins, 16 Johns. 537; Patterson v. Ellis, 11 Wend. 260; Helmer v. Shoemaker, 22 Wend. 137; Smith v. Van Ostrand, 64 N. Y. 278; Campbell v. Beaumont, 91 N. Y. 465; Van Horn v. Campbell, 100 N. Y. 287; Hayes v. Sherman, 117 N. Y. 433; Cole v. Cole, 79 Va. 251; Bowen v. Bowen, 87 Va. 438; Hall v. Palmer, 87 Va. 354; Farish v. Wayman, 91 Va. 438; Robertson v. Hardy, 23 S. E. Rep. 766; Stones v. Maney, 3 Tenn. Chan'y 731; Randall v. Josselyn, 59 Vt. 561; Judevin v. Judevin, 61 Vt. 587; Howard v. Carusi, 109 U. S. 725; Potter v. Couch, 141 U. S. 296; 4 Kent's Com., 270; 2 Wash. on Real Prop. (5 Ed.), 678; Tiedeman on Real Prop. (2 Ed.), 486; 2 Williams on Executors (7 Am. Ed.), p. 1267; 2 Jarman on Wills (5 Am. Ed.), p. 529, note 19; 2 Redfield on Wills, 278; 2 Woerner on Adm., 948; 20 Am. and Eng. Ency. of Law, 955, 962. (3)  Upon the death of Barbara Ann Yore, the property descended to her heirs at law, subject to the life estate of her husband as tenant by the curtesy.  Tremmel v. Kleibolt, 75 Mo. 255; Cornwell v. Orton, 126 Mo. 355.  (4)  Patrick Yore, having only an estate for his own life, could convey no greater estate, and defendant Sophia A. Yore's estate and

right of possession, therefore, terminated with the death of her grantor. She could acquire no title by limitation, for the same reasons that debarred Patrick Yore from so doing. Smith v. Patterson, 95 Mo. 525.

FRED. WISIZENUS for respondents.

(1) Upon the death of Mrs. Barbara Yore without executing the power of appointment, the fee vested in Patrick Yore by way of executory limitation. Straat v. Uhrig, 56 Mo. 482; Chew v. Keller, 100 Mo. 368; Wood v. Kice, 103 Mo. 329; Jecko v. Hume, 45 Mo. 167; Carver v. Aster, 4 Peters, 1; Tiedeman on Real Prop. (2 Ed.), par. 484; Gilbert on Uses (2 Ed.), p. 77; Sanders on Uses and Trusts, *149; Gray on Perpetuities, sec. 54; 2 Wash. on Real. Prop. (2 Ed.), *251, *122; Ib. (5 Ed.), p. 670; 3 Cornish on Uses, pp. 19, 92 and 94; 20 Am. and Eng. Ency. of Law, p. 959; Dunwiddie v. Reed, 3 S. & R. 452. (2) In construing a deed the following rules must be observed: The intent of the parties must be ascertained and carried out; no clause should be rejected, if a construction is practicable which gives it effect; the intent of the parties is determined not merely on the face of the instrument, but surrounding circumstances can be called into aid, to clear up doubt; finally, the construction adopted by the parties themselves is of persuasive, if not controlling influence, in the interpretation of the instrument. Fanning v. Doan, 128 Mo. 328; McCullock v. Homes, 111 Mo. 447; Morrison v. Thissel, 67 Mo. 596; Bean v. Kenmuir, 86 Mo. 666; Redman v. Barger, 118 Mo. 568; Long v. Timms 107 Mo. 519; Wilson v. Albert, 89 Mo. 543; Patterson v. Camden, 25 Mo. 22; St. Louis v. Gas Light Co., 48 Mo. 133; Jones v. Delassus, 84 Mo. 545; Scott v. Scott, 95 Mo. 318; Waterman v. Baldwin, 68 Ia. 255. (3) Apart from the doctrine of executory limitations, Mrs. Yore took a life estate with power of disposal; the remainder in fee to Patrick Yore

is good.   Yore v. Yore, 63 Fed. Rep. 645; Bean v. Kenmuir, 86 Mo. 666; Harbison v. James, 90 Mo. 411; Monroe v. Collins, 95 Mo. 33; Greffett v. Wellmann, 114 Mo. 107; Lewis v. Pitman, 101 Mo. 292; Chiles v. Bartleson, 21 Mo. 346; Russell v. Eubanks, 84 Mo. 82; Carr v. Dings, 58 Mo. 400; Redman v. Barger, 118 Mo. 568; Gavin v. Allen, 100 Mo. 293; Patrick v. Bean, 119 Mo. 105; Reinders v. Koppelmann, 68 Mo. 482; Smith v. Bell, 6 Peters, 68; Wager v. Wager, 96 N. Y. 164; Prior v. Quackenbush, 29 Ind. 475; Baxter v. Boyer, 19 Oh. St. 490; Giles v. Little, 104 U. S. 291; Welsh v. Woodbury, 144 Mass. 542.

BURGESS, J.—This is ejectment for the recovery of the possession of one undivided sixth of a lot in the city of St. Louis.

Defendants recovered a judgment in the court below, from which plaintiffs appeal.

The plaintiff Sarah O. Walton is the daughter of Patrick Yore, deceased, by his first wife, while the defendant, Sophia A. Yore, was his second wife.

The common source of title is Michael Kelly, who by deed, dated January 12, 1857, and duly recorded, conveyed the lot in question to John E. Yore as trustee for Barbara Ann wife of Patrick Yore.

The deed is as follows:

"This deed made this twelfth day of January, eighteen hundred and fifty-seven, by and between Michael Kelly, of the city of St. Louis, county of St. Louis, and state of Missouri, party of the first part, and John E. Yore, trustee of Barbara Ann Yore, wife of Patrick Yore, of the same city, county and state, party of the second part, witnesseth:   That the said party of the first part, for and in consideration of eight thousand dollars, to him in hand paid by the said party of the second part, does hereby grant, bargain and sell, convey and confirm unto the said party of the second part, as trustee aforesaid, the following described real estate lying and

being situated in the city and county of St. Louis and State of Missouri" (being the same property in controversy in this case). "To have and to hold the same unto him, the said John E. Yore, and his heirs, together with all rights, privileges, appurtenances, and improvements on said premises, or to the same in anywise belonging or appertaining, to the use of the said Barbara Ann Yore, and in trust as follows:

"First.    To receive and pay the rents and profits of said lots of ground, together with their appurtenances, to the said Barbara Ann Yore, as her separate property, or at her option to suffer and permit her to use, occupy, possess and enjoy the same in such manner as to her shall seem meet and proper, free from the control of her said husband, or any other person whomsoever, and the written direction of the said Barbara Ann Yore shall be sufficient authority, as to the use and management of the said property, and her receipts shall be full acquittances as to the rents and profits thereof.

"Second.    To sell and convey the said lots of ground at any time, with their appurtenances, in fee simple, for such price and upon such terms and to such person or persons, as the said Barbara Ann Yore shall designate, and her signing and executing such conveyance shall be sufficient evidence of her wishes and instructions in that behalf.

"Third.    To give and execute mortgages and deeds of trust in fee simple, or other charges or incumbrances on the said property, to secure any sum or sums of money, or for any other purposes, required by the said Barbara Ann Yore, and her signature to such mortgages, deeds of trust or other charges or incumbrances shall be sufficient evidence of the authority of said trustee to execute the same:   Provided always, that if said Barbara Ann Yore, shall die, leaving said property undisposed of, either by deed of conveyance or by last will and testament, then the trust herein created shall cease, determine, and be at an end, and the said property shall vest in and revert absolutely to Patrick Yore and his heirs and assigns forever,

and the said John Yore, trustee as aforesaid, shall in such case convey, by proper deed of conveyance in fee the said property to said Patrick Yore and his heirs and assigns forever, and this property is conveyed upon the further conditions, that the said Barbara Ann Yore may at any time and whenever she shall see fit, name and appoint another trustee in the place and stead of said John Yore, and this power *toties quoties* she can exercise by written instrument under her hand and seal, duly acknowledged and recorded; and such trustee or trustees. in the stead and place of said John Yore shall possess all the powers, and do and perform all acts. and things, the same as. the said John Yore could or might do and perform under and by virtue of this deed."

The purchase money was paid to Patrick Yore. Barbara Ann Yore died intestate on April 21, 1876, without having disposed of said property, leaving as her only heirs at law six children, one of whom, Sarah O. Walton, plaintiff, was then and is now the wife of her co-plaintiff, Frederick B. Walton. Patrick Yore survived his wife, and immediately upon her death, took possession of said property, claiming to be the absolute owner in fee. He retained possession of the property until May 22, 1879, when by a marriage settlement of that date, he conveyed to the defendant Sophia A. Yore, then Sophia A. Papin, an estate therein for life, or during her widowhood, should she survive him. Patrick Yore and Sophia A. Papin were married in the year 1879, shortly after the execution of the marriage contract in consideration for which said Sophia surrendered all her marital rights, including dower in her intended husband's property, and he, Patrick Yore,. conveyed to her a life interest in the property involved in this litigation, and in an adjoining lot. After their marriage Mrs. Yore at once took possession of said property and still retains the same. Her co-defendant Drumtra is her tenant. in the possession of the property.

Patrick Yore died July 14, 1889, leaving a will whereby

he disposed of all his property to his children, making no provision for his wife, Sophia, therein. The inventory of his estate recites that the property in question was conveyed to Sophia A. Yore for life.

Plaintiffs contend that the deed from Michael Kelly to John E. Yore, trustee for Barbara Ann Yore, vested in her an equitable fee simple estate in the property thereby conveyed, while defendants' contention is that upon the death of Mrs. Barbara Ann Yore without executing the power of appointment conferred upon her by the deed by Michael Kelly to John E. Yore as trustee for her, the fee vested in Patrick Yore by way of executory limitation.

In Rubey v. Barnett, 12 Mo. loc. cit. 6, it was said: "It has always been held that an absolute power of disposition over property conferred by will, not controlled by any provision or limitation, amounted to an absolute gift of the property. A power to dispose of a thing as one pleases, must necessarily carry along with it a full property in it. Hence whenever property is conveyed by words conferring a power of disposition as one pleases, or as he may think best, it is in law an absolute gift of the property to him on whom the power of disposition is conferred," That case was cited with approval in Norcum v. D'Oench, 17 Mo. loc. cit. 118; Green v. Sutton, 50 Mo. 186; Reinders v. Koppelmann, 68 Mo. 482; Cook v. Couch, 100 Mo. 29; Lewis v. Pitman, 101 Mo. 281; Hazel v. Hagan, 47 Mo. 281; Bryant v. Christian, 58 Mo. loc. cit. 102; Carr v. Dings, 58 Mo. 400; Wead v. Gray, 78 Mo. 59; State ex rel. v. Tolson, 73 Mo. 320; Russell v. Eubanks, 84 Mo. 82; Hardy v. Clarkson, 87 Mo. 179; Cornwell v. Orton, 126 Mo. 355, and Cornwell v. Wulff, 148 Mo. 542.

So in Jackson v. Robins, 16 Johns. loc. cit. 587, it is laid down "as an incontrovertible rule that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life

only, by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion. The distinction is carefully marked and settled in the cases."

By the deed in question the legal title to the property was vested in John Yore as trustee. By it he was given power to receive rents and profits of the land, and pay them over to Barbara Ann Yore, and also power to convey or mortgage the land at her request in writing, and was therefore the trustee of the active trust in whom the whole estate in law and equity vested, subject only to the execution of the trust (4 Kent's Commentaries (12 Ed.), *310) and the provisions of the deed.

The rigid rules of construction applied to deeds and wills in former years, have in modern times been somewhat modified, so that deeds are now constructed so as to carry into effect the intention of the parties thereto, and wills the intention of the persons executing them. [Waddell v. Waddell, 99 Mo. 338.]

The rule for the construction of deeds announced by Devlin on Deeds (2 Ed.), section 836, volume 2, is that "the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention if practicable, when not contrary to law."

To the same effect are Morrison v. Thistle, 67 Mo. 596; Long v. Timms, 107 Mo. loc. cit. 519; McCullock v. Holmes, 111 Mo. 447; Fanning v. Doan, 128 Mo. 323.

So with respect to wills: they must be so construed as to carry out the intention of the testator to be gathered from the whole instrument. [Russell v. Eubanks, 84 Mo. 82; Redman v. Barger, 118 Mo. 568; McMillan v. Farrow, 141 Mo.

VOL. 152 mo—32

55, and authorities cited.] It thus appears that the rule for construing wills and deeds is substantially the same.

What then was the intention of the parties to the deed in question, to be derived from the whole instrument and the surrounding circumstances?

It contains this express provision: "Provided always, that if said Barbara Ann Yore, shall die leaving said property undisposed of, either by deed of conveyance or by last will and testament, then the trust herein created shall cease, determine and be at an end and the said property shall vest in and revert absolutely to Patrick Yore, and his heirs and assigns forever; and the said John Yore, trustee as aforesaid, shall in such case convey by proper deed of conveyance, in fee, the said property to said Patrick Yore, and his heirs and assigns forever."

In Jecko, Trustee, v. Taussig, 45 Mo. 167, a deed somewhat like the one in this case was construed. The deed was from S. D. Barlow and wife to Joseph Jecko, trustee for Mrs. Caroline C. Hume, wife of John F. Hume, and Caroline C. Hume. The *habendum* clause of the deed was as follows: "To have and to hold the same (the premises described in the deed) to the said Joseph Jecko and his successors in trust—in trust, however, for the following uses and purposes, viz.: For the use, occupation, and benefit of said Caroline C. Hume, free from all control and power of disposition or incumbrance on the part of her husband, John F. Hume; to be sold and conveyed in fee, mortgaged or rented, as she, the said Caroline C. Hume, may in writing direct; and the proceeds, issues, and rents to be paid to her or her order, without the interference or control of her husband, or any one claiming under or through him. The object and purpose being to invest said Caroline C. Hume with said property and its improvements and appurtenances, subject to her sole use and occupation, without interference from any person, with the limitation only which is hereby made a condition of the trust herein created,

to wit: that in case of the death of the said Caroline C. Hume, or her husband, John F. Hume, the said property shall at once vest in and belong to the children of the bodies of said John F. Hume and Caroline C. Hume; subject to a life interest in said Caroline C. Hume, should she be the survivor, and their heirs; and the said Joseph Jecko, or his successor in trust, shall, in that case, hold said property for their benefit, or convey the same upon their written order, or that of their legal guardian."

The power of appointment was exercised by the wife in her life time, and the question was as to the validity and effect of the deed, made under the power conferred thereby. The court said: "It is nevertheless true that an estate in fee simple may be granted in such way and upon such conditions that it may be defeated by the happening of some future event. But the grant of power and authority to Mr. Jecko and his *cestui que trust*, during the lifetime of Mr. Hume, to alien and convey, is trammeled with no conditions whatever. The authority is absolute and unconditional. Nor is it perceived that the circumstance that the estate might vest in the surviving children of Mr. and Mrs. Hume, upon the death of the former, no conveyance in the meanwhile having been made, affects the question of the power of alienation vested in the grantees during the life of said Hume. The interest and estate of the children was contingent upon the non-exercise of that power, prior to Mr. Hume's decease."

In Wood v. Kice, 103 Mo. 329, the conveyance was to a trustee for the sole and separate use of a married woman (with power of appointment in fee) and the heirs of her body, with remainder in fee to the husband if she died without heirs to her body. The court says: "So we find that the effect of this conveyance is to give Joella a life estate to her sole and separate use, and the heirs of her body a fee, and if she die without heirs of her body, to her husband in fee, if he survive her. Whatever estate the husband took under this deed is by

its terms freed from the operation of the trust, when it shall become vested in law and in possession." Here we have first a life estate and then a fee in children, and then a fee in husband.

The deed in question was before the United States Circuit Court for the eastern district of Missouri in Yore v. Yore, 63 Fed. Rep. 645, and it was there held on the death of the wife, Barbara Ann, the property being undisposed of, an equitable fee simple title thereto reverted to and vested in her husband Patrick Yore.

In Bean v. Kenmuir, 86 Mo. 666, the deed under consideration recited that the party of the first part in consideration of one dollar, to her in hand paid, and in consideration of natural love and affection for the party of the second part, did grant, bargain and sell, unto Neamie J. Talley, the party of the second part for her sole use and benefit, certain real estate described in the conveyance, and concluded as follows: "To have and to hold the said tract, pieces, or parcels of land, together with all the rights, privileges and appurtenances thereto belonging, or in anywise appertaining to the said party of the second part, her heirs and assigns forever; and in case of the death of the said party of the second part, then said property, with all the rights and privileges therein, shall pass to the husband of Neamie, William W. Talley."

It was held that under the deed a life estate vested in Neamie J. Talley, with the remainder over in fee in her husband. The court said: "A power of disposition, such as is needful to defeat the limitation over to the husband, should appear, we think, in more express terms. But rules of interpretation, formerly adhered to with much strictness, have been changed, or modified, or abandoned, when, in their modern applications, they have been found hostile to the end the courts struggle to attain, which is to give effect to the grantor's intention, and to effect which they make it the paramount rule to read the whole instrument, and if possible, give effect

and meaning to all its language. The granting clause of the deed in question contains the words 'grant, bargain and sell,' which, in the absence of other clauses restricting, limiting, or modifying the same, would, under our statute, constitute a deed of warranty with full express covenants, and, as said by counsel, if the deed in question stopped here, it would, when duly signed and sealed, have conveyed the fee. But the deed does not stop here. The clause above quoted is added and we are asked to adjudge the limitation over void, and to hold that, by the deed, it was the intention of the grantor to vest the fee in her daughter, free from the control of her husband, and the claims of creditors, and at the same time, and by the same instrument to provide that, upon the death of the daughter, the entire estate, or fee, thus already vested, should then pass to and become vested in her husband. While it is conceded that this could not be legally done, we are nevertheless asked to say that it was the manifest intention of the grantor to make or create both these estates. The manifest intention, as gathered from the face of the entire deed in question, is, we think, to convey the property to Neamie J. Talley, for her sole use and benefit, during her natural life, and to give a remainder over to the husband, and there is, we think, no imperative rule of construction, which forbids us to make the intention of the parties effectual."

So in the case at bar, if the deed had simply conveyed the property to John E. Yore for the use of Barbara Ann Yore with power of disposal by her he would have taken the title in fee for her. It, however, does not stop here, but by its very terms it provides that in the event of her failure to dispose of the property by deed or will it was to revert to and vest in Patrick Yore.

In Harbison v. James, 90 Mo. 411, a will which gave to the testator's widow, all his property real and personal, with power to sell and re-invest as she might desire any part of the same for her separate use and benefit, and any portion of the

estate remaining at her death, to his three daughters, created in the widow a life estate, with power to use the principal, if necessary for her support, and the remainder, at her death, went to the daughters.

In arriving at the intention of the grantor Michael Kelly, all of the provisions of the deed must be considered together, and when this is done it seems plain that Mrs. Barbara Ann Yore, Patrick Yore's wife, was to have the use and enjoyment of the property therein described during her life, with power in the trustee John E. Yore by the written direction of said Barbara Ann to use and manage said property for her use and benefit, or to sell and convey the same by fee simple deed, or mortgage the property as she might direct for her benefit, her wishes and directions to be manifested by her joining in such deed or mortgage, or to dispose of the property by will if she was so inclined, but in the event of her failure to dispose of the property as indicated it was to revert to her husband Patrick Yore.

Mrs. Barbara Ann Yore being a married woman at the time of the execution of the deed, the statute of Uses and Trusts (Revised Statutes 1889, p. 2036) did not vest the fee to the property in her (Dean v. Long, 122 Ill. 447) but only an equitable life estate with power to convey a fee and upon failure to exercise such power by express provisions in the deed, the power of the trustee was to cease, and determine, and said property to vest and revert absolutely to Patrick Yore, and his heirs and assigns forever, which said trustee was to convey to him by proper deed of conveyance.

Patrick Yore paid the purchase money for the property, and caused it to be conveyed to John E. Yore for the use and benefit of his wife Barbara with the right of disposal by her will or deed, with a proviso in the deed that in the event of the failure by her to exercise such right, that said property should "vest in and revert absolutely to him" and his heirs

and assigns forever. There was no need for extrinsic evidence to show that it was the intention of Patrick Yore and his wife, to vest in her by the deed an unlimited power of disposal of the property either by deed or will and that in the event of her failure to exercise such power that the property was to vest in and revert to him absolutely, for the deed speaks for itself in no uncertain terms; and even if it were not entirely clear, the fact that after Barbara's death in 1876, he openly and notoriously claimed the property as his absolutely, and conveyed it to his second wife, Sophia A., tends strongly to show that his intentions were in accord with the provisions of the deed before quoted. There were other facts in evidence tending to the same conclusion which are unnecessary to especially notice.

In the Cornwell case, *supra*, there was nothing in the deed indicating that the grantor conveyed, granted or limited any portion of his estate in the lands thereby conveyed to the use of any other person upon the happening of the condition that Mrs. Cornwell had not conveyed the land in her life time, while in the case at bar, the deed expressly provided that if Mrs. Barbara A. Yore failed to dispose of the land by will or deed during her lifetime it was to revert to and vest in Patrick Yore, and in this very important particular the two deeds differ, and what has been said in this case is in no way in conflict with the ruling in that case nor with the ruling in Cornwell v. Wulff, 148 Mo. 542.

By the terms of the deed Barbara A. Yore agreed to accept the property with the power of disposal and upon the failure to exercise that power by will or deed the trust was to cease upon her death, and the property to vest in and revert to Patrick Yore absolutely. Such an agreement could not have been crouched in stronger language. There was nothing in this provision of the deed which was immoral or against public policy, or which rendered it invalid, and we see no rea-

son why it should not be given the full force and effect intended by the parties to it.

By the deed the title remained in John E. Yore in trust for Barbara A. until her death, when the trust terminated and the property vested and reverted to Patrick Yore, by way of executory limitation, to whom John E. Yore was to convey, by proper deed of conveyance in fee the said property.

For these considerations it follows that the judgment should be affirmed, and it is so ordered.    Gantt, C. J., and SHERWOOD, BRACE, ROBINSON, MARSHALL and VALLIANT, JJ., concur.

### SEPARATE CONCURRING OPINION.

MARSHALL, J.—I concur in the result and in the reasoning of the foregoing opinion of BURGESS, J., except that part which draws a distinction between the case of Cornwell v. Wulff, 148 Mo. 542, and this case.   I think the conclusion reached in this case is right because it is directly in conflict with the conclusion reached by the majority opinion in Cornwell v. Wulff, and because, in my judgment, that conclusion in that case was wrong.

I do not think there is any substantial or legal difference between the deed construed in the Cornwell case, and that involved in this case.   To illustrate this I place these deeds in juxtaposition:

## THE CORNWELL DEED.

"To have and to hold, etc., in trust for the sole and separate use, benefit and behoof of said Catherine Cornwell, wife of said James Cornwell; and the said party of the second part hereby covenants and agrees to and with said Catherine Cornwell that he will suffer and permit her without let or molestation, to have, hold, use, occupy, and enjoy the aforesaid premises, with all the rents, issues, profits and proceeds arising therefrom, whether from lease or sale, for her own use or benefit, separate and apart from her said husband and wholly free from his control and interference, and from his debts, in such manner as she may think proper, and that he will at all times hereafter, at the request of said Catherine Cornwell, expressed in writing, bargain, sell, convey, lease, rent or otherwise dispose of said premises, or any part thereof, and will at the death of said Catherine, convey or dispose of the premises or such part thereof as may be held by him under this deed, and all profits and proceeds thereof, in such manner to such person or persons as said Catherine shall, by her last will and testament, direct or appoint; and in default of such appointment then he shall convey said premises to James Cornwell, his heirs and assigns."

## THE YORE DEED.

"To have and to hold, etc., to the use of Barbara Ann Yore, in trust as follows:

"To receive and pay the rents and profits of said lots of ground to said Barbara Ann Yore, etc., and to suffer her to use, occupy and enjoy the same free from the control of her said husband, etc. To sell and convey said lots of ground at any time, with their appurtenances in fee simple, for such price and upon such terms and to such person or persons as said Barbara Ann Yore shall designate. To give and execute mortgages and deeds of trust in fee simple, or other charges and encumbrances on said property to secure any sum or sums of money, etc. Provided always that if said Barbara Ann Yore shall die leaving said property undisposed of either by deed or will, then the trust therein created shall cease and determine, and the said property shall vest in and revert absolutely to Patrick Yore, his heirs and assigns forever, and the said John E. Yore, trustee as aforesaid, shall in such case convey by proper deed of conveyance in fee said property to Patrick Yore and his heirs and assigns forever."

In both cases, the first taker had an absolute power of disposal by deed and by will. In both cases the trustee is directed to convey so much of the property as remained undisposed of at the death of the first taker, to a person therein named. The only difference between the two deeds is that in the Yore deed it was provided that if the first taker did not dispose of the property by deed or will, the trust should cease at the death of the first taker, and the property should vest in and *revert* absolutely to the husband, whereas the Cornwell deed contained no such provision. This, however, creates no substantial or legal difference between the two deeds, for as a matter of law the trust ceased at the death of the married woman for whose benefit it was created, and the provision that the property should vest in and *revert* to the husband on the death of the wife can not be regarded as a limitation *in express terms* of the wife's estate to an estate for life, with a remainder in fee to the husband, nor as an *express* cutting down of the fee vested in the wife by the power of absolute disposal, to a life estate. The use of the term "revert" creates no difference, for in neither case was the title ever before in the husband, but in both cases the conveyance was from a third person who theretofore was the absolute owner of the property.

We all agree, and all the modern adjudications agree, that a conveyance which confers an *absolute* power of disposal, creates a fee in the grantee. We also agree that a fee can not be limited upon a fee. We all further agree that a deed or will which gives an estate to the first taker with absolute power of disposal or by the use of the words grant, bargain and sell with all the law implies from the use of those terms, may yet so qualify or limit that power of disposal or that estate so granted, as to cut it down from a fee to a mere life estate in the first taker, and that in such event a limitation over or remainder to a third person, in fee, will be good. We disagree only as to the proper manner or method of so limiting or qual-

ifying the estate of the first taker.    The majority opinion in· the Cornwell case followed Ide v. Ide, 5 Mass. 500, and held that the limitation must be in express terms "for life," while the minority opinion in that case followed Smith v. Bell, 6 Pet. 68, and held that the limitation need not necessarily be expressed in the words "for life," but might be accomplished by the use of any equivalent words.    Both opinions conceded that the *intention* of the grantor or devisor must be ascertained and effectuated, but the majority opinion required that intention to be evidenced by the express term "for life," while the minority opinion held that the intention must be "gathered from the four corners of the instrument" and might be evidenced and satisfied by any words that clearly conveyed it.

Since the minority opinion in the Cornwell case was written, the case of Cross v. Hoch, 149 Mo. 325, was decided in Division No. 1 of this court, in which all of the judges of that division concurred, and in that case it was pointed out that there is no difference in Missouri between the rules to be followed in construing a deed and a will, and that section 8916, Revised Statutes 1889, provides that "all courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them," and so it was accordingly held in that case that the estate of the first taker need not be limited to a life estate, in express terms, but that the "true intent and meaning of the testator," "gathered from the four corners of the instrument," must be as sacredly enforced as if it was expressed in the set phrase, "for life," and that this had been the rule in this State ever since Erwin v. Henry, 5 Mo. 469, as is shown by the cases of Collier's will, 40 Mo. l. c. 321; Carr v. Dings, 58 Mo. l. c. 406; Allison v. Chaney, 63 Mo. l. c. 282; Suydam v. Thayer, 94 Mo. l. c. 55; Crecelius v. Horst, 78 Mo. 566; Chiles v. Bartleson, 21 Mo. l. c. 346; Munro v. Collins, 95 Mo. l. c. 37; Lewis v. Pitman, 101 Mo. 281; Small v. Field, 102 Mo. l. c. 122; Redman v.

Barger, 118 Mo. 1. c. 573; Long v. Timms, 107 Mo. 512; Schorr v. Carter, 120 Mo. 1. c. 413; McMillan v. Farrow, 141 Mo. 1. c. 62. The same rule is announced in the opinion in this case.

Under our statute and these decisions it seems clear to me that the harsh construction announced in Ide v. Ide, *supra,*has melted away like the hideous skeleton in a nightmare, before the Roentgen rays of common sense and "the gladsome light" of modern, American, judicial advancement. Even in Massachusetts, Ide v. Ide, is no longer worshiped or blindly followed.

In Kent v. Morrison, 153 Mass. 137, the will under consideration provided: "Second. I give, devise, and bequeath to my beloved wife, Mehitable Kent, all the estate, both real and personal, that I die seized and possessed of, giving her full power to sell and convey the same by deed (part or all of it), and the proceeds thereof are to be used for her comfort, and otherwise as she may think proper. Thirdly. After the decease of my said wife all that remains of my estate, not specifically disposed of by her, is to be used for the benefit of my two sons, Joshua Kent and Oscar F. Kent," etc., and it was held that it created only a life estate in the wife, which she could convey or mortgage for the term of her life, with a remainder in fee to the sons, and so far as the cold facts appear in the report, the case of Ide v. Ide, was not referred to in the decision nor did its ghost disturb the peace of mind of FIELD, C. J., while writing the opinion.

Words could not add force to the history of the development of the law on the question here involved, and because I believe the decision in this case conflicts with the erroneous decision in the Cornwell case I gladly concur in it, and think it in effect overrules the Cornwell case, as it should do in express terms.

ROBINSON, J., concurs in the foregoing and thinks there is no distinction between the deed involved in this case and that involved in the case of Cornwell v. Wulff, but after fuller investigation and reflection is of opinion that the majority opinion in Cornwell v. Wulff is wrong and should be overruled. SHERWOOD and BRACE, JJ., concur.

#### SEPARATE CONCURRING OPINION.

GANTT, C. J.—The most casual reading of Cornwell v. Wulff, 148 Mo. 542, will demonstrate that the Court in Banc in that case and Division No. 2 in Cornwell v. Orton, 126 Mo. 355, recognized the modification of the rule laid down in Jackson v. Robins, 16 Johns. 587, and both held that it is no longer necessary in this State that the life estate should be created by express words as ruled in the earlier case of Ide v. Ide, 5 Mass. 500, but if it is the clear intention from the whole will that the first taker is to have but a life estate, the added power of disposition will not convert it into an absolute ownership.

My learned brother is mistaken in saying that "the majority opinion in Cornwell v. Wulff, followed Ide v. Ide, 5 Mass. 500," as to this point. That case was cited only to show that at that early day Chief Justice PARSONS, several years before Chancellor KENT had announced the same rule, had held that a valid conditional limitation or executory devise could not exist where the first taker is granted either the legal or equitable fee conjoined with an absolute power in the first taker or primary devisee to defeat and cut off the further or ulterior estate or interest by alienation of the entire fee in the lifetime of the first taker, and to show that Ide v. Ide, to the extent of holding that the two grants were repugnant, had been expressly approved by this court in State ex rel. v. Tolson, 73 Mo. 320.

Neither in the dissenting opinion in Cornwell v. Wulff, 148 Mo. 542, nor in this concurring opinion, has my learned

brother favored us with authority which overrules the over-whelming adjudications both in England and in the United States supporting the proposition stated by Chancellor KENT that a valid executory devise can not subsist under an absolute power of disposition in the first taker in fee.

The writer has never denied that where an estate for life only is given, either expressly or by necessary implication, to the first taker with an added power of alienation and no disposition is made under this power, an ulterior devise or grant would be good. It was so ruled in Rubey v. Barnett, 12 Mo. 1, save and except at that time the law required the life estate to be limited by certain or express words.

Bean v. Kenmuir, 86 Mo. 666, clearly recognizes the rule announced in Cornwell v. Wulff. It will be noted there was no power of disposal granted to the wife further than would follow from the grant of the fee to her. The court said: "The deed, in question does not, by express words, vest a life estate only in Neamie J. Talley, nor does it give a distinct or express power of disposition. . . . . A power of disposition, such as is needful to defeat the limitation over to the husband, should appear, we think, in more express terms." The conclusion is inevitable that the majority of the court would have concurred with the minority in that case, had the power of disposition by the wife been given in express words.

I fully agree that all parts of a deed or will must be looked to in construing it.

It is often exceedingly difficult to determine whether a fee simple in realty or an absolute interest in personalty has been conferred upon the first taker as distinguishable from an estate for life with a general power of disposition.

In Cornwell v. Wulff, the court construed the deed as conferring an equitable fee simple on Mrs. Cornwell with an added express and absolute power of disposal.

I have come to the conclusion, after much consideration, that the deed in this case construed as a whole only granted

Barbara Yore an equitable life estate with a power of appoint-
ment with a limitation over in fee to her husband Patrick
Yore.

Patrick Yore was to all intents the grantor in the deed
and created and carved out of his estate an active trust for the
benefit of his wife. Upon the trustee was cast the burden of
renting, leasing and collecting the rents and paying them over
to the wife, thus creating an active special trust according to
the great weight of authority. [1 Perry on Trusts (4 Ed.), sec.
305.] While the majority of my brethren see no difference
between this and the Cornwell trust, it seems to me the distinc-
tion is found nowhere more clearly stated than in Pugh v.
Hayes, 113 Mo. loc. cit. 432, wherein Judge BLACK, speak-
ing for the whole court, says: "Where the estate is limited to a
trustee to pay the rents and profits to another person for life,
the trustee takes the legal estate, for he must receive them
before he can make the payments; but, where the estate is
limited to a trustee to permit and suffer another to have the
rents, the statute vests the legal estate in such other person
because the trustee has no duties to perform." Citing 1
Saunders on Uses and Trusts (Am. Notes), 253; Hill on
Trustees (Am. Notes), 361; Upham v. Varney, 15 N. H.
462; Barker v. Greenwood, 1 Horn & Hurlstone, 389. To
this list may be added, Wagstaff v. Smith, 9 Vesey, 524; 2
Perry on Trusts (4 Ed.), sec, 520; Witham v. Brooner, 63 Ill.
344.

While it is clear under these authorities that the trust in
the Yore deed is an active executory trust, I think it is equally
clear that in the Cornwell deed the trust was a dry executed
trust, Wagstaff v. Smith, 9 Vesey, 524.

As pointed out by the learned counsel for respondents in
his brief, the other distinctions between the two deeds are
quite as pronounced. In this Yore deed the grantor limits
an estate over to the husband, whereas in the Cornwell deed
no such limitation over was made.

But the most important difference between the two deeds is that the Cornwell deed created an equitable fee simple in Mrs. Cornwell with an absolute power of disposal, whereas this deed created in Mrs. Yore only an equitable life estate with power of disposal which she never exercised.

I am moved to these remarks, not because I think the opinion of Judge BURGESS needs any support, but because of the discrediting of Cornwell v. Wulff.

BURGESS and VALLIANT, JJ., concur.